## MOODY & JAMISON V. T. S. GARDNER.

EVIDENCE. A party to a suit cannot, on his own direct examination, or on that of one of his witnesses, give in evidence his own declarations made to third persons, in regard to particular facts in issue, when the adverse party was not present.

APPEAL from Galveston.    Tried below before the Hon. A. P. McCormick.

In November, 1871, Gardner sued Moody & Jamison in the District Court of Galveston county, to recover a balance of five hundred dollars, gold, alleged to be due him on a contract made with them for one year's services to be rendered by him as their cotton-clerk, the employment beginning in July, 1870. It was claimed that the contract had been performed on plaintiff's part.

Defendants answered, denying indebtedness, and alleging performance of their contract.

The only issue between the parties, presented either by pleadings or proof, was as to the terms of the contract. Plaintiff insisted that the defendants agreed to pay him two thousand dollars, gold, for the year, *certain;* and, in addition thereto, one hundred dollars for every thousand bales of cotton received by them during the season in excess of twenty thousand bales ; and since, according to his allegations, defendants had received during the season thirty thousand bales, and had only paid him two thousand five hundred dollars on his salary, they were still indebted to him in a balance of five hundred dollars.

Defendants, on their part, averred the contract to be exactly as stated by plaintiff, with one very material exception : the additional compensation of one hundred dollars for every thousand bales received in excess of twenty thousand, was limited by the proviso that it should in no case exceed, together with

the certain salary, the sum of two thousand five hundred dollars, which had already been paid, as admitted by plaintiff.

Evidence as to the terms of the contract of employment was derived mainly from the parties respectively.

Plaintiff testified that before his employment by Moody & Jamison he had been in the service of the defendant Jamison (then conducting business alone), at the yearly salary of eighteen hundred dollars, gold; that the contract sued on was made by defendant Jamison, in the firm's office, in July, 1870, by means of a written memorandum, unsigned by either party, handed to plaintiff by defendant, and accepted and agreed to by the former; that Major Labuzan was present; that plaintiff did not know whether anybody saw the memorandum, nor what became of it; that, before that time, he and Jamison had had several interviews on the subject of wages, and various propositions made by defendant and rejected by plaintiff; that he learned, near the close of the year of his engagement, from a conversation with defendant, that the latter would not pay him more than two thousand five hundred dollars, gold, per year; that, on the 15th of July, 1871, he called on the bookkeeper, McCall, for a statement of his account, that he might obtain a settlement with the cashier of defendants, and account was therefore made out by the bookkeeper, showing a balance due plaintiff, on the year's salary, of two hundred and twenty-seven dollars and fifty-five cents, gold, which was then paid him by the cashier; that this account was made out by the bookkeeper, at witness's request, and the amount of the salary, upon the basis of which the balance was struck, two thousand five hundred dollars (gold), for the year, was named by the witness himself to the bookkeeper, upon inquiry, by the latter, of him, as to the amount of said salary; that plaintiff claimed, at that time, that defendants owed him, besides said balance, the additional sum of five hundred dollars, but neither of defendants was present, or heard the claim made.

The cashier, Etheridge, stated that he paid plaintiff the balance of two hundred and twenty-seven dollars and fifty-five

cents, according to the memorandum made by the bookkeeper; and that plaintiff, at that time, claimed that, according to his contract, defendants owed him at least five hundred dollars more, but would not pay him; and the cashier thought the declaration was made in a voice loud enough to be heard through the room.

There was other evidence, not necessary or important, with reference to the opinion.

Defendants excepted to proof by plaintiff of a claim by him of five hundred dollars more than he received by the settlement, because:

*First.* The effect of the evidence was to vary, by parol, the terms of an account stated between the parties, and adopted by them as a basis of settlement.

*Second.* The declarations by plaintiff were not admissible to affect defendants when made in their absence.

Overruled by the court, and its action assigned as error.

*Willie & Cleveland,* and *F. Charles Hume,* for appellants.

*Leslie Thompson* and *C. B. Sabin,* for appellee.

REEVES, J. This suit was brought by appellee to recover five hundred dollars, as the balance claimed by him on a contract with appellants for his services as a cotton-clerk for one year from the 15th day of July, 1870.

The questions in the case related to the terms of the contract, and whether any balance was due to the plaintiff as claimed in his petition. No other issues were raised by the pleadings.

The jury returned a verdict for the plaintiff for the amount claimed in his petition, with interest from the 15th of July, 1871. Judgment was rendered for plaintiff for that sum, with the interest as found by the jury. The plaintiff remitted the interest prior to January 1, 1872.

The defendants applied for a new trial on several grounds, which being overruled, they have appealed. It will not be

necessary to notice but one ground of their motion and assignment of errors.

It appears from a bill of exception, taken by appellants, that the appellee, Gardner, who was a witness on the trial in his own behalf, testified that he had procured from appellants' bookkeeper a memorandum or statement of his account with appellants, in order to make settlement with their cashier. After exhibiting the account, he was allowed, over defendants' objection, to show by his own declarations made to defendants' cashier at the time of the settlement with the cashier, that defendants owed him five hundred dollars more than he received under the terms of the memorandum furnished him by the clerk.  The plaintiff was also allowed to prove the same facts by the cashier.  Defendants' objections to this evidence were overruled, and they excepted.

We are of opinion that the court erred in admitting this evidence.  It was not permissible to the plaintiff to state, on the direct examination, or prove by another, the particular facts which he may have communicated to other persons on a former occasion, when neither of the defendants was present. His assertion of the fact to defendants' bookkeeper or cashier was not evidence which could affect the defendants, and could not be used for the purpose of giving additional strength to the testimony of the witness on the trial before the jury.  Evidence of this character is excluded on the examination in chief, but the rule does not apply to a case where the other party is attempting to impeach the witness on cross-examination ; it is then a proper question, or when the fact is put in issue by the other party, the former statement and what was said may be shown.  The rule excluding such testimony is confined to the examination in chief.  The declaration of the plaintiff on any former occasion had not been put in issue by defendants on cross-examination or otherwise, at the time the plaintiff testified.  There was no controversy between the parties in regard to the payment of twenty-five hundred dollars; it was admitted by the plaintiff.  The issue on the pleadings had respect to the

plaintiff's claim above the sum admitted to have been paid. His statement to defendants' cashier that the defendants owed him five hundred dollars more than he had received, had not been called in question by defendants, and should have been excluded on the direct examination. (1 Starkie's Evidence, 186, 187; 1 Greenleaf's Evidence, 469; Deshon *v.* Merchants' Ins. Co., 11 Met., 209. Commonwealth *v.* Wilson, 1 Gray, 340; Boston and Worcester R. R. Co. *v.* Dana, 1 Gray, 103.)

For the error in admitting improper evidence, the judgment is reversed and the cause remanded.