## J. M. TALIAFERRO ET AL. V. S. D. GOUDELOCK.

### No. 3161.

**Hearsay—Corroboration.**—In an action for damages for wrongful attachment proceedings, upon the trial it was in issue whether the debt in aid of collection of which the attachment had been sued out had been paid. The plaintiff in the action for damages testified to a payment to an agent of the defendants (who were plaintiffs in attachment). The agent denied the payment. The plaintiff in his testimony stated that he had drawn the money from a bank to make the payment, and had stated his purpose when he got the money. The banker was called by the plaintiff to corroborate his testimony, and over objection testified that plaintiff had drawn the amount he had named from the bank, and had told witness his purpose to pay, etc. *Held,* the testimony of the banker was improper and its admission ground for reversal.

APPEAL from Franklin. Tried below before Hon. JOHN L. SHEPPARD.

The opinion states the case.

*J. B. Stringer, S. M. Long, Talbot & Turner*, and *H. McKay*, for appellants.—The court erred in overruling defendants' objection to the introduction of evidence by the plaintiff in corroboration of his own testimony. The evidence objected to was the declaration of a party to the suit, in his own interest, and was hearsay.

Appellee claimed that the attachment was both wrongful and malicious, because he did not owe appellant J. M. Taliaferro the debt sued on; that he once owed it, and had paid it before the suit was commenced. He pleaded and swore that he paid $155 on this debt on February 20, 1888, to W. D. Taliaferro, as agent for J. M. Taliaferro. W. D. Taliaferro swore positively that he did not. Goudelock swore that he drew the money on that day from the Mount Vernon bank, and told the banker, A. J. Majors, at the time that he wanted it to pay Taliaferro. Majors also swore, that on February 20, 1888, Goudelock got from the bank $155 and said he wanted it to pay J. M. Taliaferro. Neither of the Taliaferros were present. The evidence of Goudelock and Majors as to the declaration of Goudelock at the bank was objected to, and overruled.

*Todd & Hudgins, W. P. McLean*, and *Hiram Glass*, for appellee.—The court did not err in overruling the objection of appellants to the introduction of the testimony of Majors and Goudelock, as complained of in appellants' second assignment of error, because said testimony was admitted for the purpose of corroborating appellee, and as such was admissible. They were not self-serving, because made long before any attachment was sued out.

HENRY, ASSOCIATE JUSTICE.—This was a suit to recover damages, both actual and exemplary, on account of an attachment sued out and levied at the instance of appellants. Upon a verdict of a jury judgment was rendered in favor of the plaintiff.

As affecting the claim for exemplary damages, evidence was introduced by both parties upon the issue as to whether or not the defendant in the attachment suit was indebted to the plaintiff in that suit in the full amount for which the writ of attachment was sued out. Goudelock, the plaintiff in this suit, testified, that he on a date named paid $155 on the debt. A witness for the defendant testified, that the payment was never made. Plaintiff testified further, that he drew the money with which he made the payment from a certain banker on the day on which he made the payment, and told the banker at the time that he wanted the money to make said payment with.

Over the objection of the defendants the court permitted the plaintiff to corroborate his own testimony with the evidence of the banker that he did get from him the money as claimed by him, and that he did then make the statement that he wanted it to pay to the plaintiff. It

is not pretended that Taliaferro was present when the statement was made.

The testimony of the banker was clearly improper, and for the error in admitting it the judgment must be reversed.

Other errors assigned present questions which may not arise upon another trial—at least in the form now presented—and we therefore do not think it necessary to discuss them now.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered December 11, 1891.