JONESBORO, LAKE CITY & EASTERN RAILROAD COMPANY v. CABLE.

Opinion delivered March 8, 1909.

1. WATERS—DUTY OF RAILROAD TO PROVIDE OPENINGS FOR SURFACE WATER.— Railroad companies are required to furnish sufficient openings in their roadbeds to permit the free flow of surface water from adjacent land. (Page 520.)

2. SAME—DESTRUCTION OF CROP—MEASURE OF DAMAGES.—It was error, in an action to recover damages for the destruction of a crop by stopping the flow of surface water, to instruct the jury that if the plaintiff "made some crop then the measure of damages would be the difference between the crop he made and the crop he would have made but for the defendant's negligence, if it was negligent." The jury should have been instructed to deduct from the above amount the difference between the cost of producing and gathering the crop

that was made and that which would have been made but for the obstruction of the flow of surface water. (Page 521.)

3. APPEAL AND ERROR—WHEN ABSTRACT INSTRUCTION HARMLESS.—Where the undisputed evidence showed a total destruction of plaintiff's crop, an error in instructing the jury as to the measure of damages in case of a partial destruction thereof was not prejudicial if the court correctly instructed the jury as to the measure of damages in case of a total obstruction, and the jury obviously followed the latter instruction. (Page 521.)

Appeal from Craighead Circuit Court; *Frank Smith,* Judge; affirmed.

*E. F. Brown,* for appellant.

1. The court erred in refusing the instruction requested by appellant as to the measure of damages. It was proper, and the jury should have been so instructed, to take into consideration the difference in gathering and marketing the crop which was raised on the land and such crop as would ordinarily have been raised under proper cultivation, and also the difference in expense of cultivating the crop produced and the crop ordinarily produced, and deduct the difference from the amount of the verdict. 76 Ark. 542.

2. The proof disclosed that the damage to the crop occurred after it had partially been made and partly matured. The effect of the court's 6th instruction was to magnify appellee's damages and set up a measure of damages contrary to the rule of law recognized by this court. 56 Ark. 613. The instruction is further misleading, abstract and inapplicable because it assumes as proved that the crops for each of the years 1903 and 1904 were entirely destroyed at a time when they were so young that they had no market value. Moreover, the evidence discloses that appellee made and gathered some crops each year on the land, and the court's refusal to instruct the jury to consider this phase of the case is reversible error. 85 Ark. 111; Sedgwick on Dam. 184; 85 Ill. 594; 2 L. R. A. 612.

*D. F. Taylor* and *J. T. Coston,* for appellee.

1. If there was error in any of the seven instructions given by the court, appellant's exception, being *en masse,* cannot reach it, unless all the instructions are bad. Neither, for the same reason, will appellant's exception to the refusal of the lower court

to give the instructions requested by it be considered here unless they are all correct. 96 S. W. 389; 86 S. W. 1000; 98 S. W. 367; *Id.* 364; 40 N. W. 288; 34 N E. 231; *Id.* 532; 44 N. E. 16; *Id.* 266; 30 N. E. 912

2 The sufficiency of the evidence to sustain a verdict cannot be questioned by presenting a mere abstract of it, but all the evidence bearing on the point in question must be set out. 48 Ark. 50.

3. There is no error in the 6th instruction given by the court on the measure of damages; but, if there was a defect in it, the court's attention should have been called to it by a specific request. 48 S. W. 809; 44 S. W. 467; 75 S. W. 1095; 65 S. W. 463; 56 Ark. 602; 114 S. W. 224; *Id.* 225; *Id.* 248. The evidence shows a total loss of the crops, when a reasonable interpretation is placed upon the testimony. "Total loss does not mean absolute extinction." 50 N. E. 283; 107 S. W. 196.

McCulloch, C. J. The plaintiff, Sam Cable, owned a farm in Mississippi County, Arkansas, lying on the north side of the railroad of the defendant, and sues to recover damages for destruction of the crops which he attempted to raise during the years 1903 and 1904, on account of inundation by water alleged to have been caused by negligence of defendant in the construction of its roadbed. It is alleged in the complaint that in constructing the road the natural flow of water from plaintiff's land was obstructed, and that sufficient openings were not left to let the water flow through. The venue was changed to Craighead County, and on trial of the case there verdict and judgment were rendered in favor of the plaintiff for damages in the sum of $600; and the defendant appealed.

It is contended that the testimony was insufficient to sustain a finding that the flow of water from the plaintiff's land was obstructed by the railroad bed; but we are of the opinion that there was sufficient evidence of that fact, and that defendant was guilty of negligence in failing to provide openings of capacity to permit the free flow of water. The law with respect to the duty of the railroad company is plain, and need not be restated here at any length. The instructions of the court to the jury stated the law correctly, and no complaint is made here on that point.

Error is assigned in the instruction of the court as to the measure of damages. After instruction as to the measure of damages in case of total destruction of plaintiff's crop, to which instruction no objection is made here, the court further told the jury that if the plaintiff "made some crop, then the measure of damages would be the difference between the crop he made and the crop he would have made but for defendant's negligence, if it was negligent." This instruction is in conflict with the rule of law announced by this court in *St. Louis S. W. R. Co.* v. *Morris,* 76 Ark. 549, and is therefore erroneous, because it failed to require a deduction of the difference between the cost of producing and gathering the crop that was made and that which would have been made but for the injury caused by the overflow. We think, however, that the error was not prejudicial, for the reason that the crops was totally destroyed, and the jury could not, under the evidence, and obviously did not, base the verdict upon a partial destruction of the crop. This part of the instruction was abstract; and usually abstract instructions submitting issues upon which there is no evidence are held to be erroneous and misleading, but not so in this instance, for the reason that there was undisputed evidence of substantial damage for total destruction of the crop, and none on the theory of partial destruction. We cannot assume that the jury might have disregarded an instruction as to a measure of damages on which there was undisputed evidence, and followed one on which there was no evidence. *Miller* v. *Nuckolls,* 77 Ark. 64. The jury necessarily based the verdict on a total destruction of the crop, as to which there was evidence, and not a partial destruction. Therefore no prejudice could have resulted from the erroneous instruction which was entirely abstract.

It is contended by counsel that there was evidence that some crop was raised, but we do not agree with him. The plaintiff testified that he raised and gathered a little corn, but of so little value that it was not worth the trouble or expense of gathering. All the evidence was directed to the amount of damage by loss of rental value of the inundated land and the expense of planting and cultivating the crop up to the time it was destroyed. There was evidence that a few bales of cotton were raised by a tenant on the place, but another instruction given by the court precluded recovery for damage done to the crop of a tenant.

The evidence was sufficient to sustain the amount of damage awarded by the jury.

Judgment affirmed.