SMITH *v.* WEATHERFORD.

Opinion delivered October 11, 1909.

1.  INSTRUCTIONS—AMBIGUITY.—An ambiguous and misleading instruction was properly refused.  (Page 10.)

·2.  SAME—CORRECTNESS OF REQUEST.—A party cannot complain of the court's refusal to give an instruction that is not correct in every particular.  (Page 10.)

3.  CONTRACT—MAKING AND DELIVERY OF TIES—CONSTRUCTION.—Where a contract called for the making of railroad ties and their delivery from time to time on the railroad right of way, and provided that the market price at the time of delivery should apply, the maker was entitled to the market value of the ties at the times when they were delivered, and to a reasonable time in which to make his deliveries, but not to withhold delivery after making the ties to await an increase in prices; the question as to what is a reasonable time being for the jury.  (Page 10.)

4. Same—burden of proof—matter of defense.—Where a plaintiff sues upon a contract for the making and delivery of ties, under which he claims that he was to receive the market price at the times of their delivery, he is bound only to show the date of delivery and the ruling prices at the time thereof, the burden being on the defendants to show wrongful or negligent delay in delivering the ties after . they were made. (Page 11.)

5. Instructions—relevancy—prejudice.—The giving of an abstract instruction is not reversible error if it appears that no prejudice could have resulted from its being given. (Page 12.)

6. Compromise and settlement—burden of proof.—Where defendants produce a check given by them and accepted by plaintiff, reciting a settlement in full, but there was a conflict in the evidence as to whether the check contained this recital at the time of its acceptance, it was not error to instruct the jury that the burden was on the defendant to show that such a settlement was made. (Page 12.)

7. Sales of chattels—pleading—variance.—Where a complaint on an account for materials furnished alleged that the agreement to furnish certain items of the account was made on a certain date, but the evidence showed that the agreement was made on a subsequent date, the variance was not material, as the gist of the action was the sale of the articles described in the account. (Page 14.)

Appeal from Searcy Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

*Jos. M. Hill* and *Crump, Mitchell & Trimble,* for appellant.    .

1.  The court erred in not submitting to the jury the question of a bonus. No instruction was given on this subject. 82 Ark. 499.

2.  Defendant was entitled to have the jury instructed that plaintiff could not take advantage of the delay in furnishing ties.

3.  The instruction regarding the settlement was erroneous. It is error to instruct upon an issue not in the case. 69 Ark. 380; 70 *Id.* 441; 80 *Id.* 200; 79 *Id.* 375; 76 *Id.* 348.

4.  The fourteenth instruction is erroneous as to the burden of proof. 74 Ark. 286.

5.  It was error to admit evidence as to the second contract. 85 Ark. 322; 84 Ark. 315.    .

6.  It was error to give the seventh instruction. The court should not assume facts in dispute as proved. 71 Ark. 38.

7.  The case should have been transferred to chancery. 82 Ark. 547; 31 *Id.* 345.

*Pace & Pace,* for appellee.

It is not error to refuse an instruction not applicable to the issues in the case. A party is not entitled to a charge on the subject-matter of his contentions where there is no evidence to authorize it. While it is true that in actions involving long and complicated accounts the remedy in equity is more adequate and complete, yet courts of law have jurisdiction, and it is not error to refuse to transfer to equity. When the record shows that it does not contain all the evidence, this court will presume that that part that was omitted was sufficient to sustain the court's finding and decree. 45 Ark. 242; 54 Ark. 162.

McCULLOCH, C. J. This is an action instituted by the plaintiff, L. E. Weatherford, against defendants Smith and others as partners, under the firm name of C. H. Smith Tie & Timber Company, on account for railroad ties and stave bolts and piling manufactured by plaintiff for defendants and alleged to have been delivered to them. The amount of balance alleged to be due on the account is $2,398.34, and on the trial below before a jury the plaintiff recovered $1,800.

It is alleged in the complaint that in July, 1905, the plaintiff was employed by defendants to make ties, stave bolts and piling out of timber which had been purchased by him from them; that for the first lot of ties he was to receive 23 cents each, and for subsequent lots the current prices at the time of the respective deliveries. The account exhibited with the complaint shows a debit of $12,032.21, with payments thereon aggregating $9,-633.87, leaving an unpaid balance of $2,398.34, the amount sued for; and it shows an aggregate of 35,930 ties claimed to have been delivered by plaintiff.

The defendants in their answer alleged that they had paid the plaintiff for 35,460 ties, but that they have received only 33,-024, leaving 2,436 ties which they had paid for but which had never been delivered. They further alleged that they had had a final settlement with plaintiff, and that plaintiff had given a receipt acknowledging payment in full. The case was tried before a jury on conflicting evidence, and the result, as before stated, was a verdict and judgment for plaintiff in the sum of $1,800.

It appears from the evidence that the defendants were engaged in the business of supplying ties to a railroad company, and owned timber on two tracts of land. They engaged plaintiff

to make ties and deliver them on the right of way of the railroad company, and agreed to let him have the timber at the prices they had paid for it; to purchase other tracts of timber for him and to charge the price thereof to him as an advance on ties to be delivered, as well as to advance him money to pay for cutting and hauling the ties. Afterwards they agreed also to take stave bolts and piling. The only point of difference between the parties, as far as concerns the contract, was as to the price to be paid for the ties. The plaintiff testified that he was to receive the ruling current prices for ties after the first lot delivered, for which he was to receive 23 cents each; and the defendants contended that they were only to pay 23 cents each for all ties delivered.

The defendants admitted that during the progress of the transaction between them they agreed to increase the price of ties above the stipulated sum of 23 cents, but that this was a bonus or gratuity which they were not required under the original contract to pay. Both sides introduced testimony in support of their respective contentions. They also testified in support of their respective contentions with reference to the alleged settlement in full. One of the defendants testifies that he made a compromise and final settlement with the plaintiff and paid him $150, which he said the plaintiff accepted in full satisfaction of all his demands; that the payment was made by two checks, one for $100 and the other for $50, the latter check containing in writing on its face the words: "Settlement in full for all lands and ties cut up to this date;" and that the plaintiff accepted the check with this written on its face and collected the same. The plaintiff denied that the amount was paid in full settlement, and testified that the words above quoted were not on the check when it passed through his hands.

The defendant introduced in evidence the check containing the words quoted above. Numerous errors of the court are assigned, which will be discussed in the order presented in argument.

1. The court refused to give the following instruction at defendant's request: "No. 4. You are instructed if defendants, after the original contract was entered into, voluntarily gave plaintiff a bonus amounting in all to thirty cents as the whole price per first-class ties, then in fact defendant was under no legal obligation to make such a gift, and the plaintiff cannot recover in

law for said 30 cents on any ties on which same was not voluntarily given."

Doubtless, the defendants intended by this instruction to have the law declared to be that if, under the original contract with plaintiff, they were only to pay 23 cents each for all the ties delivered, they were not, without a new consideration, bound by their agreements to increase the price to 30 cents per tie. But the instruction falls far short of expressing this idea with sufficient clearness for jurors of ordinary intelligence to understand it. It entirely ignored the plaintiff's contention that the price of ties furnished from time to time was to be increased to the prevailing or current price at the time of the respective deliveries; and it was calculated to mislead the jury into believing that, even though they accepted the plaintiff's contention as true, if the prices were voluntarily increased by the defendants, the increased prices could not be recovered. The words "voluntarily gave plaintiff a bonus amounting in all to thirty cents" do not clearly express the idea intended to be conveyed, and might have had a misleading effect upon the minds of the jurors.

The meaning of the latter part of the instruction is also far from being clear. It says that the plaintiff "cannot recover in law for said thirty cents on any ties on which same was not voluntarily given." A party cannot complain of the refusal of a court to give an instruction unless it is correct in every particular. The court no doubt would have given an instruction on the subject if a correct one had been requested; for the law as contended for by defendant's counsel was declared in another instruction. After setting forth these issues in the case, the court gave this to the jury:

"No. 10. You are instructed that the burden is on the plaintiff to show that he had a contract with defendant by which defendant was to pay the prevailing market price for ties; that he furnished ties under that contract. If you so find, your verdict will be for the plaintiff in whatever sum to be due him by a preponderance of the evidence."

With this instruction before them, the jury were properly advised as to the law on this feature of the case.

2. Error is assigned in the refusal of the court to give the following instruction: "No. 1. You are instructed that under the terms of the agreement when the plaintiff had made a tie the

date of its making marks the time of the prevailing price, if you find that the plaintiff held up ties purposely or negligently, and that the plaintiff could not hold same until there was a rise in the market price. The date of making such ties, being in the exclusive knowledge of the plaintiff, must be shown by him, if not so shown, the original lowest price paid as shown will govern." And also in striking the following from instruction No. 12, requested by the defendants: "If you should further find that he cut and kept them in the woods a longer time than he should have done, and you find that the ties had in the meantime risen in value, and you cannot arrive accurately at the true date at which ties ought to have been delivered, then I instruct that the plaintiff ought not to recover more than the lowest sum paid because he cannot fraudulently or negligently take advantage of his own wrong."

Instruction No. 1 was erroneous in several particulars. In the first place, it was not correct to say that the date each tie was made marked the time for fixing the price to be paid. The contract called for the delivery of the ties on the railroad right of way; and if the plaintiff correctly stated the terms of the contract, he was entitled to the market value at that time. He could not rightfully withhold delivery after the making of the ties to await an increase in prices; but he was entitled to a reasonable time in which to make his deliveries, and he was entitled to any increase in prices occurring during that time. What constituted a reasonable time under the peculiar circumstances of the case was a question for the jury to determine.

Nor was it correct to instruct the jury, as requested, that, if the plaintiff failed to show the date of making the ties, he could only recover the minimum price under the contract. The plaintiff was only bound to show the date of delivery and the ruling prices at the time thereof. It devolved on the defendants to prove negligent or wrongful delay in delivering the ties after they were manufactured.

The omitted portion of the twelfth instruction above quoted was also erroneous in saying that the plaintiff was not entitled to recover more than the minimum price if he failed to prove *accurately* the *true* date of making the ties. The instruction would have cut the plaintiff off from a recovery of more than the minimum price for any of the ties, notwithstanding he proved the

increase in price, merely because he could not show the date of making the ties.

3. The court gave the following instruction concerning the alleged final settlement: "No. 13. The court instructs the jury that if you find from the evidence [that] plaintiff and defendant had a final settlement, and defendant paid plaintiff $150, then the plaintiff is bound by settlement, and could not recover for any difference that might have been due him to the said time, although it might have been more than said $150, *but you are further instructed that said settlement, if you find that there had been one, would not apply to the business after said settlement."*

The part in italics was objected to on the alleged ground that there was no evidence of business transacted between the parties after the date of the alleged settlement. If it be conceded that there was no such evidence, we fail to see how the instruction could have had a prejudicial effect. The jury could not, by the abstract instruction, have been misled into disregarding the settlement. It has often been held by this court that it is prejudicial error to give an abstract instruction which might be construed as an intimation from the court that there was some evidence on that issue when there was in fact none. *St. Louis & S. F. Rd. Co.* v. *Townsend,* 69 Ark. 380; *St. Louis, I. M. & S. Ry. Co.* v. *Woodward,* 70 Ark. 441; *Harris Lbr. Co.* v. *Morris,* 80 Ark. 260; *Fordyce* v. *Key,* 74 Ark. 19; *Ark. & La. Ry. Co.* v. *Stroude,* 77 Ark. 109.

But the rule thus announced is not an inflexible one; and, where it can be seen that no prejudice could have resulted from the giving of such an instruction, the verdict will not be set aside. It is only where it can be seen that prejudice might have resulted that a reversal follows. *Miller* v. *Nuckolls,* 77 Ark. 64; *Jonesboro, L. C. & E. Rd. Co.* v. *Cable,* 89 Ark. 518.

The distinction will be found by a comparison of the cases above cited.

The court also gave the following instruction over the defendant's objection: "14. The burden of proof is upon the defendant to show that such a final settlement was had between the parties, if any, must outweigh the evidence tending to show that he (no) such settlement was made."

This instruction is not complete, and there is a manifest error in copying it into the transcript. Learned counsel for the

defendant, in their argument, have presented this instruction as having told the jury in substance that the burden of proof was on the defendant to show that a final settlement had been made between the parties. They say that an instruction to that effect was erroneous, and in conflict with the principle announced in *Decker* v. *Laws*, 74 Ark. 286. We do not think so. The case above referred to was quite similar to the instant case. The defendant in that case, as in this one, claimed to have consummated a settlement in full with a check containing words acknowledging payment in full. But the plaintiff denied that the check contained those words when it passed through his hands. In that state of the proof the court instructed that if the check contained those words when it was given and accepted, the burden was on the plaintiff to show that the check was not given and accepted as full payment; but that the burden of proof was on the defendant to show that those words were not contained at the time plaintiff accepted it. This court approved those instructions, and in the opinion said: "As appellants were claiming a special benefit from certain words in the $50 check, the burden was upon them to prove that Laws was bound by these words. The check was a special phase of the case introduced and relied upon by appellants, and it was correct to place the burden upon that particular question upon appellants. For Laws denied in his proof that the check contained any such words when he signed the check. There is nothing antagonistic or inconsistent in the two instructions. If Laws really signed the check with the words 'in full payment of all demands' in it when he signed, then the burden was upon him to show that these words were not intended as full payment, as they purported to be, as the court told the jury in instruction numbered 2. But, on the other hand, if the check did not have the words 'in full of all demands' when Laws signed same, then he was not bound by them, and the burden was upon appellants, in order to get the benefit of these words, to show that Laws signed the instrument containing them."

And again the court said: "The words, 'in full payment of all demands,' being contested, the question as to when, by whom, and with what intent they were written was left to the jury upon the whole evidence, with the burden upon him who produced and claimed the benefit of the instrument to prove it, and the burden left with the plaintiff to establish his claim."

So in the present case, having pleaded settlement in full, it devolved on the defendants to prove it. It also devolved on them to prove that the check contained words acknowledging acceptance of the amount in full satisfaction when it passed through plaintiff's hands, that being denied by the plaintiff. It was an essential part of their defense of payment. They would have been entitled to an instruction, as in *Decker* v. *Laws,* if they had requested one, to the effect that if the plaintiff accepted the check with these words in it, then the burden would be on him to show that the check was not accepted as full payment. But the defendants did not ask for such an instruction, and cannot now complain because none was given.

4. It is next insisted that the court erred in admitting evidence to sustain a contract for furnishing stave bolts and piling, which was not declared on in the complaint. The contention is not well founded. The complaint set forth a cause of action on an itemized account for the price of ties, stave bolts and piling. It is true that the complaint alleged that the defendants employed the plaintiff on a day in July, 1905, to make and deliver ties, stave bolts and piling, and the evidence shows that the agreement with reference to the stave bolts and piling was made on a subsequent date. But this variance was not material, as the gist of the action was the sale of the material described in the exhibited account; and the variance as to the date of sales was not fatal. The evidence tended to establish the allegations of the plaintiff, viz., that the plaintiff had sold certain quantities of stave bolts and piling to the defendant; and they could not have been misled by the variance, and they do not claim to have been misled. In the answer filed in the case they met the issue tendered in the complaint concerning the stave bolts and piling by admitting the sale and delivery of the same and pleading that they had paid for same at the time of the delivery.

5. The final contention of the defendants is that the court erred in giving the following instruction: "No. 7. The court instructs the jury that the plaintiff sues the defendant on an alleged contract in which suit he alleges that the defendants are indebted to him in the sum of $2,398.34 for timber by plaintiff as defendant. *The defendant admits the delivery of all the timber except 2,436 cross ties.*"

The part in italics is objected to on the alleged ground that it incorrectly stated the defendants' admission to be that all of the timber except 2,436 cross ties was delivered, when in fact they only admitted that they had received the ties in the woods, but that the same were not hauled to the stipulated place or delivered, and that they had to do, the hauling at their own expense. Their answer on this point reads as follows:. "The defendants deny that they received 35,930, but admit that they received 33,024, and claim that they paid for the hauling of the same and for the making of 35,460, leaving a balance due to the tie company of 2,436 ties paid for by defendants but never delivered by plaintiff."

We think the court was correct in its interpretation of the defendant's admission. The acceptance of the ties in the woods amounted to a waiver of delivery by the plaintiff at the place named in the contract. But they were entitled to credit for the additional expense of hauling. This instruction did not deprive them of the right to claim credit for the expense of hauling. If they feared such a prejudicial effect on the minds of the jury, they should have asked for a specific instruction saying that the expense of hauling the ties to the stipulated place of delivery should be deducted from the amount which would have been due the plaintiff had the ties been delivered at the agreed place.

Judgment affirmed.