**O. C. ROBITZSCH & SON et al. v. TALIA-
FERRO.  (No. 6683.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 8, 1922.)

1. **Trial** 48—**Offer of evidence as a whole
insufficient if any part inadmissible.**

It was not error to exclude a letter where
no particular part of it was segregated from
the whole and offered, and it was not offered
for any particular purpose, if any particular
matter in the letter was subject to the objections made to its introduction in its entirety.

2. **Trial** 48—**Where a letter, offered for every purpose it might serve, was inadmissible
for certain purposes, its exclusion was not
error.**

Where a letter was admissible for a particular purpose only, but inadmissible for any other, it should have been excluded upon appropriate objection where offered for every purpose it might serve.

3. **Evidence** 271(19), 318(2)—**Letter offered to show that notation of full payment of
claim was on check when cashed properly excluded as hearsay and self-serving.**

In an action involving the question whether
a notation that a check was in full payment of
a debt to deceased, made on a check cashed by
the administrator, was on the check at the time
it was received and cashed, a letter from one
defendant to another stating that he was sending such a check, so marked, was objectionable
as hearsay and self-serving.

4. **Alteration of instruments** 27(2)—**Burden of proving indorsement of full payment
upon check is upon the defendant alleging it.**

In an administrator's action for a debt,
defended on the ground it had been paid in full,
defendant claiming that a notation to that effect was on the check at the time it was delivered to the administrator, which the latter
denied, held, that the trial court correctly placed the burden upon the defendant to prove his
allegation as to the indorsement.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Suit by George B. Taliaferro, executor of
the estate of Jake Wolf, deceased, against O.
C. Robitzsch & Son and another. Judgment
for plaintiff, and defendants appeal. Affirmed.

H. A. Hirschberg, Herbert Davis, W. R.
Parker, and Leonard Brown, all of San Antonio, for appellants.

Taliaferro, Cunningham & Moursund and
W. B. Jack Ball, all of San Antonio, for appellee.

SMITH, J. As executor of the estate of
Jake Wolf, deceased, George B. Taliaferro
sued O. C. Robitzsch & Son (Harold Robitzsch) and Ed. F. Melcher for an alleged balance of $450 due upon a note executed by
them in favor of Wolf, for the sum of $1,000.
In their answer the defendants admitted the
plaintiff had a good cause of action against
them, except in so far as it might be defeated
by a plea of accord and satisfaction, which
they set up. By their admission the defendants were permitted to take the offensive
and to open and close the case. A jury
found against them in the special issues submitted, and judgment was rendered against
them, in favor of Judge Taliaferro, as executor, in the amount sued for. It appearing
that Melcher was an indorser, and not a maker, of the note, he was given judgment over
against his codefendants.

The defendants' plea of accord and satisfaction was founded upon a check which O.
C. Robitzsch had caused to be delivered to
Judge Taliaferro for $550, and which at the
time of the trial contained a stipulation on
its back, above the indorsement thereon of
Taliaferro, that "This pays Jake Wolf note
in full." It was alleged by the defendants in
their plea that this indorsement was on the
check at the time it was delivered to and accepted and cashed by Taliaferro, and Robitzsch so testified upon the trial, while Taliaferro denied this, both in his sworn pleadings
and in his testimony. The jury found
against Robitzsch on this issue. Robitzsch
had written the check in El Paso, and mailed
it, together with the following letter, to his
codefendant, Melcher, at San Antonio:

"Hotel Orendorf, George J. Thomas, Manager.

"El Paso, Texas, March 21, 1919.

"Mr. Ed. Melcher, San Antonio, Texas—Dear
Friend: Inclosed you will please find check
for ($550.00) five hundred and fifty dollars,
payable to George Taliaferro to cover the balance due on the Jake Wolf note. I have written on the back of the check that it pays the
Jake Wolf note in full.

"I called on Mr. Taliaferro in his office after
I saw you before I left for El Paso and told
him that I had paid Jake Wolf the $450.00 long
before his death.

"He informed me that he could find no record
of it on the note, he then asked me about interest on the note of which he could also find
no record on the note.

"I told him that I most certainly did pay him
the interest on the note long before it was
due, which was before I paid him the $450.00
and told him that Wolf made a memo of it in a
little vest pocket book.

"Taliaferro looked for the book, and did find
where I had paid Wolf the interest.

"Mr. Taliaferro informed me that there was
no question in his mind but that I had paid
the $450.00 dollars since he saw the memo of
the interest. Mr. Taliaferro advised me to
give him a check for the $550.00 dollars and he
would write Mr. Wolf's brother recommending
taking the $550.00 dollars in full payment. I
am mailing you this check, that you may know
that it was paid. When you give it to Talia-

ferro get a receipt or the note hold same for me.

"Thanking you for the many favors,
"Your friend, O. C. Robitzsch."

[1, 2] Some. time after the receipt of this letter and accompanying check, Melcher turned over the check to Taliaferro, but it is .not contended that the latter knew anything of the letter or its contents, or that such knowledge was at any time communicated to him. Robitzsch testified that when he wrote the check he placed thereon the indorsement that it "paid the Wolf note in full." Melcher, who had the check in his possession 12 or 15 days before turning it over to Taliaferro, testified that he "couldn't swear that this little indorsement was on the back of this check at the time. that I gave it to Mr. Taliaferro," this being the only reference in his testimony to the issue. Judge Taliaferro testified that the indorsement was not on the check at the time he received and indorsed it for collection. When it was paid, the check, it is presumed, went back into the hands of Robitzsch, and remained in his custody until produced upon the trial. By order of the court below the orginal check accompanies the record here. An inspection of the instrument discloses that the number originally written on the face of the check has been changed, and the new number written in apparently different ink, and that the indorsement on the back that "This pays the Jake Wolf note in full" is apparently written in a different ink from that in whch the check itself is written, and in the same ink in which the substituted number is written. It is not clear that the new number, and the indorsement, were written by the same person who wrote the body of the check, nor is the contrary clearly apparent. When appellants, defendants below, offered the Robitzsch letter in evidence, it was excluded upon the objections of appellee that—

"It contained self-serving declarations, and that it was hearsay and constituted a transaction between Robitzsch and Melcher, of which the plaintiff, George B. Taliaferro, had no notice, and that there was no evidence that the contents of said letter were communicated to said Taliaferro at any time by said Melcher."

The letter was offered in its entirety, and for every purpose it could serve. No particular part of it was segregated from the whole and offered; nor was it offered for any .particular purpose. This being the case, if any particular matter in the letter was subject to the objections made, the court did not err in excluding the whole letter, since it was offered in its entirety. Robinson v. Stuart, 73 Tex. 267, 11 S. W. 275; Ry. Co. v. Washburn, 184 S. W. 580; McBride v. Kaulbach, 207 S. W. 576; Nevill v. Ry. Co., 187 S. W. 388. It may be said, too, that, if the letter was admissible for a particular purpose only, but inadmissible for any other,.still it should

have been excluded upon appropriate objection, since it was offered for every purpose it might serve. It is by these rules the admissibility of the letter in question must be first tested.

[3] In general terms, appellants' position is that the material issue in the case was whether or not the indorsement, "This pays the Jake Wolf note in full," was put on the check at the time the latter was sent to Melcher, and that the letter, written at the same time and sent to Melcher along with the check, "was a part of the transaction of the execution and delivery of said check, being a part of the res gestæ of said transaction, which constituted the basis for defendants' plea of accord and satisfaction"—that the letter was admissible as a part of the res gestæ, as corroborative of Robitzsch's testimony that at the time the check was executed by him, and delivered to Taliaferro by Melcher, it bore the indorsement. In their brief appellants' discussion and argument in support of this position is narrowed down to the proposition that the statement of fact in the Robitzsch letter that "I have written on the back of the check that it pays the Jake Wolf note in full" is res gestæ of the fact there stated, and admissible as such for the purpose of corroborating Robitzsch's testimony to the same effect. Appellants do not discuss the question of the admissibility of the remaining portions of the letter; they are content to urge the admissibility of that particular clause alone. But they will not be permitted on appeal to select their ground of battle. They must stand on the case as made in the court below, and that requires them to here defend the whole of the letter offered, since they offered it as a whole in the court below. That the letter contains many statements, other than the clause insisted upon as being admissible, that were purely hearsay and self-serving, is perfectly obvious from a perusal of it. It was written by Robitzsch to his codefendant, who (if any one was liable) was jointly liable with him to the Wolf estate, and without the presence, knowledge, or acquiescence of Taliaferro, who was sought to be bound thereby. It contained statements of vital facts, circumstances, and conversations alleged to have theretofore occurred, some of them long prior to the writing of the letter, and is so obviously subject to the objections made to it as to preclude argument. For these reasons the letter, as a whole, was properly excluded, regardless of the admissibility of the particular clause now insisted upon. Dewees v. Bluntzer, 70 Tex. 408, 7 S. W. 820; Insurance Co. v. Eastman, 95 Tex. 34, 64 S. W. 863; Porter v. Metcalf, 84 Tex. 474, 19 S. W. 696; Moody v. Gardner, 42 Tex. 411; Emerson v. Mills, 83 Tex. 386, 18 S. W. 805; Providence Co. v. Owens, 207 S. W. 666.

We think, too, although it is not necessary to decide the question here, that the particu-

lar clause in the letter, the statement that the writer had indorsed on the check that it paid the Wolf note in full, was equally subject to the objections made. Appellants cite a number of decisions in support of their contention, those nearest in point being Insurance Co. v. Elmore, 226 S. W. 709; Bank v. Ricketts, 152 S. W. 646; Trust Co. v. Harbaugh, 205 S. W. 496; and Grant v. Alfalfa Co., 177 S. W. 536—all of them by the Court of Civil Appeals of the Seventh District. These decisions tend very strongly to uphold appellants' view. But, if those decisions are not distinguishable from, they are in conflict with, the decisions in Insurance Co. v. Eastman, supra; Moody v. Gardner, supra; Porter v. Metcalf, supra; Emerson v. Mills, supra; Taliaferro v. Goudelock, 82 Tex. 521, 17 S. W. 792; and Lewy v. Fischl, supra, 65 Tex. 311; Providence Co. v. Owens, supra.

[4] The remaining question in the case concerns the proper placing of the burden of proof as to whether the indorsement, "This pays the Jake Wolf note in full," was placed on the back of the check in question before or after the delivery of the note to Taliaferro, upon which issue the testimony was sharply drawn. The court charged the jury that the burden was upon Robitzsch to show that the indorsement was there when the check was delivered, and refused a contrary instruction requested by Robitzsch. Appellants complain of these rulings. As we have shown, Robitzsch, by admitting Taliaferro's cause of action except as it might be defeated by the former's plea of accord and satisfaction, assumed the attitude of plaintiff in the cause and the burden of proof incident to such attitude. He affirmatively pleaded, and based his case upon, the indorsement in question, and specifically alleged that, at the time the check was delivered to Taliaferro, it bore that indorsement, and that in cashing the check Taliaferro signed his name under that indorsement, and was accordingly bound thereby. Taliaferro, in a supplemental petition, denied under oath the allegation that the indorsement was on the check when he indorsed and cashed it, and asserted that, if the check now bears any such indorsement, it had been placed thereon since it passed through his hands, and without his knowledge or authority. In this situation the trial court correctly placed the burden upon Robitzsch to prove his allegation that the check bore the indorsement at the time it was delivered to Taliaferro. Clymer v. Terry, 50 Tex. Civ. App. 309, 109 S. W. 1129; Decker v. Laws, 74 Ark. 286, 85 S. W. 425; Smith Tie Co. v. Weatherford, 92 Ark. 6, 121 S. W. 944. We do not think the general rule of burden of proof applicable to the alteration of written instruments is involved here, as appellants contend. In Clymer v. Terry, Clymer sued Terry as a guarantor on a note,

the words of guaranty being written, as here, on the back of the note, over Terry's signature, and, as here, were specially pleaded by Clymer. Terry denied, under oath, that the guaranty stipulation was on the note when he indorsed it, and contended that he was merely an indorser, which made a difference in his liability. The appellate court held that the party depending on the guaranty was in the same position he would have been in if Terry had alleged his signature to be a forgery, and that the burden was upon him to show the guaranty stipulation was on the note when Terry indorsed it. The case is exactly the same as this in principle, and the same rule of burden of proof is applicable here. And in Smith Tie Co. v. Weatherford, precisely in point here, the Supreme Court of Arkansas, discussing the decision of the same court in Decker v. Laws, where the burden of proof had been placed by the trial court upon the person asserting the stipulation sued on, said:

"They say that an instruction to that effect was erroneous, and in conflict with the principle announced in Decker v. Laws, 74 Ark. 286, 85 S. W. 425. We do not think so. The case above referred to was quite similar to the instant case. The defendant in that case, as in this one, claimed to have consummated a settlement in full with a check containing words acknowledging payment in full. But the plaintiff denied that the check contained those words when it passed through his hands. In that state of the proof the court instructed that, if the check contained those words when it was given and accepted, the burden was on the plaintiff to show that the check was not given and accepted as full payment; but that the burden of proof was on the defendant to show that those words were contained at the time plaintiff accepted it. This court approved those instructions, and in the opinion said: 'As appellants were claiming a special benefit from certain words in the $50 check, the burden was upon them to prove that Laws was bound by these words. The check was a special phase of the case introduced and relied upon by appellants, and it was correct to place the burden upon that particular question upon appellants; for Laws denied in his proof that the check contained any such words when he signed the check. There is nothing antagonistic or inconsistent in the two instructions. If Laws really signed the check with the words "in full payment of all demands" in it when he signed, then the burden was upon him to show that these words were not intended as full payment, as they purported to be, as the court told the jury in instruction numbered 2; but, on the other hand, if the check did not have the words "in full of all demands" when Laws signed same, then he was not bound by them, and the burden was upon appellants, in order to get the benefit of these words, to show that Laws signed the instrument containing them.'"

The judgment is affirmed.