Lewis *v.* Phillips.

5-378                                     266 S. W. 2d 68

Opinion delivered March 29, 1954.

*Opie Rogers,* for appellant.

*Koone & Stephens,* for appellee.

J. Seaborn Holt, J.   August 12, 1953, appellees sued appellants for the unlawful, willful cutting and taking of timber from their lands without their knowledge and consent, for treble damages in the amount of $196.20, and for additional damages of $500 for trespassing, cutting ruts and destroying two culverts on appellees' property, or a total of $696.20.

Appellants answered with a general denial and in a cross complaint sought damages from appellees for the alleged unlawful taking of timber from appellants' lands in the amount of $123.68.

A jury trial resulted in a verdict for appellees for $100.   This appeal followed.

For reversal, appellants first question the sufficiency of the evidence to support the verdict.

After a review of the testimony, we hold that it was substantial and ample.

In this connection, appellants argue that the undisputed proof shows that if any timber were cut and taken from appellees' lands and any damages resulted, as alleged, that it was caused solely by two individual contractors, Lester and Joe Lewis.   There was testimony that Lester and Joe were working for and under the direction of appellants and cut and removed the timber in question from appellees' lands and that it was their trucks that caused any alleged damages to appellees' culverts and lands.

It appears that the court gave appellants' instruction No. 4, as follows: "You are instructed that if the defendants contracted with Lester Lewis and Joe Lewis to cut their timber and process same and paid them a contract price and that the defendant, Lewis Lumber

Company, had no control over the said Lester Lewis and Joe Lewis, in the cutting, hauling and processing of said timber, other than to receive the processed lumber and pay the said Lester Lewis and Joe Lewis according to their contract, the said Lester Lewis and Joe Lewis would be independent contractors and the defendants would not be liable for the acts of the said Lester Lewis and Joe Lewis.''

Under our holding in *Lewis* v. *Mays,* 208 Ark. 382, 186 S. W. 2d 178, this instruction was more favorable to appellants than they were entitled under the law and certainly they are in no position now to complain. In the above case, under a similar situation where the same defense, as here, was pleaded, we held in effect: (186 S. W. 2d 178; Headnote 5) ''Generally, where a trespass is committed by defendant's advice or direction, the contractual or other relation, including that of an independent contractor, between the immediate agent of the wrong and defendant, is immaterial in determining defendant's liability.''

The record reflects that during the examination of appellee, T. M. Phillips, the following occurred: ''Q. Toy, what do you estimate that it would take to put the road back in condition so that it would be passable; or in the condition you had it when you lived there in November? MR. ROGERS: We object. That is not the proper measure of damage. THE COURT: The court will let the testimony go in as to the measure of damage, that can be taken care of in the instruction. MR. ROGERS: Exceptions saved. A. My estimation is that it would be better than $400.00.''

Appellants argue that the admission of this evidence was error for the reason that ''the measure of damage could not properly be proven by a mere estimate. The theory of the plaintiff (appellees) was that the lands had been ditched and washed and in this view (that is, if this be the correct view then appellants say) the measure of damage would be the difference in the value of the land before and after the alleged injury and

no effort was made to show the difference in value before and after the alleged damage.''

We hold that the action of the court, before all the evidence was complete, was correct, in the circumstances. In *Benton Gravel Co.* v. *Wright,* 206 Ark. 930, 175 S. W. 2d 208, we said: '' 'It is often difficult for a court to determine the true measure until all the evidence is in. * * * If there be different modes of measuring the damages, depending on the circumstances, the proper way is to hear the evidence, and to instruct the jury afterwards according to the nature of the case.' ''

Appellees tried the case on the theory that the damages alleged were of a temporary nature remediable and produced evidence to show the cost of restoring their property to its former state.

The court, over appellants' objection, gave the following instruction at appellees' request on the measure of damages: ''You are instructed that if you find, from a preponderance of the evidence, that the defendants damaged and destroyed two bridges belonging to and on the property of the plaintiffs, said plaintiffs are entitled to damages in the amount sufficient to restore the bridges damaged and destroyed by the said defendants to their previous condition. And if you further find from a preponderance of the evidence that the defendants damaged the land and property of the plaintiffs by driving upon and over the lands of the plaintiffs, said plaintiffs are entitled to damage in the amount sufficient to restore the property to its former condition, unless said bridges were a part of the public road.''

This was a proper instruction and justified on the facts in this case.

Appellants also allege that the court erred in discharging juror, Williams, for cause at appellees' request. We find no merit to this contention for the reason that appellants have not shown that a biased or incompetent juror was forced upon him. ''Since a party is not entitled to have any particular juror, the erroneous re-

jection of a competent talesman is not prejudicial, in the absence of a showing that some biased or incompetent juror was thrust upon him." *Decker* v. *Laws,* 74 Ark. 286, (Headnote 2), 85 S. W. 425.

Other alleged errors have been considered and found to be untenable.

Affirmed.