ADAMS v. STATE HIGHWAY COMM.

5-2752                          362 S. W. 2d 425

Opinion delivered December 3, 1962.

838

*Kaneaster Hodges,* for appellant.

*Dowell Anders* and *Thomas B. Keys,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, Arkansas State Highway Commission, condemned a fraction of an acre of land for highway purposes. On the property there was a small house built of hollow tile. The Commission estimated the condemned property to be worth $3,550.00, and deposited that amount in the registry of the Court. The property owners moved that the deposit be increased. On authority of Ark. Stats. 76-541, the Court granted the motion and ordered the Commission to deposit an additional $1,450.00. The Commission complied, making a total of $5,000.00 deposited. The appellants withdrew the entire amount.

Upon a trial on the merits before a jury, there was a verdict for the property owners in the sum of $4,000.00. A judgment was entered accordingly and the Commission was given judgment against appellants in the sum of $1,000.00, with interest at the rate of six per cent (6%) per annum, to run from the time appellants received the excess compensation until it is repaid. The property owners have appealed.

Appellants argue that there is no substantial evidence to support the verdict. Several witnesses testified on behalf of appellants that the property condemned was worth more than $4,000.00. However, Mr. Robert Hamilton, who qualified as an expert in appraising property values, testified that in his opinion the property owners had been damaged to the extent of only $3,550.00. Mr. Hamilton testified in detail just how he arrived at that figure. He considered the total value of the property before the taking, and the value of that part left to appellants after the taking; he figured the number of square feet in the house, the cost of construction, the depreciation, and other pertinent facts, and arrived at his estimate of the damages. The jury added $450.00 to that estimate. We cannot say Mr. Hamilton's testimony was not substantial evidence of the damages suffered by appellants.

Appellants contend that the jury was drawn in an improper manner. The same method was used in drawing the jury in the case at bar as had been used by the Court Clerk for many years. Counsel for appellant had never objected to that method, and did not object in the case at bar. The first indication of any dissatisfaction with the method of drawing the jury was made at a hearing on a motion for a new trial, which was held subsequent to the trial. Of course, the objection was not made in apt time.

The hearing on the motion for new trial was in connection with appellants' allegation that the juror, Ells Huff, failed to disclose that he was an organizer, officer and director of the Arkansas Good Roads Association, and the further allegation that the Court erred in excusing until a later time, twelve jurors who had just sat in another case, resulting in their absence from the courtroom at the time the jury in the case at bar was selected.

There is no merit at all in either of those contentions. Mr. Huff was not asked whether he was a member of the Arkansas Good Roads Association, and he did not think about volunteering the information. There is no showing whatever that Huff's membership in the Arkan-

sas Good Roads Association would in any way disqualify him as a juror, and the thought did not occur to him that one of the parties might want to exercise a peremptory challenge on him because of his membership in the Association.

The Court's action in excusing the twelve members of the panel until a later time in the day, making them unavailable for the case at bar, was in no way prejudicial to the rights of appellants. This Court has held many times that a party is not entitled to any particular juror. The Court said in *Sullivan* v. *State*, 163 Ark. 11, 258 S. W. 643, "It is thoroughly settled that a defendant has no right to the services of any particular juror. He may only demand that he be tried before a fair and impartial jury, and it is difficult to imagine a case where the judge had excused a juror from further service on the regular panel which would afford any defendant just cause of complaint."

The judgment reads in part "That the plaintiff do have and recover from the defendant, Nola Clyde Adams, judgment in the sum of $1,000.00 with interest at the rate of six per cent (6%) per annum from the 17th day of November, 1960, until paid, said $1,000.00 being the amount in excess of the verdict of the jury withdrawn by defendant." The appellant chose to file a motion for a new trial, setting up nine alleged assignments of error, but the action of the Court in awarding interest was not one of the assignments.

The issue of whether the Court erred in awarding interest was raised for the first time in this Court. This is not a matter that can be successfully urged for the first time on appeal. *Bish* v. *Woods*, 162 Ark. 463, 258 S. W. 352; *Hot Springs Railroad Co.* v. *McMillan*, 76 Ark. 88, 88 S. W. 846; *Heineman Dry Goods Co.* v. *Schiff*, 167 Ark. 422, 268 S. W. 596. We said in *Weeks* v. *McClanahan*, 227 Ark. 495, 300 S. W. 2d 6, "Defendant Weeks argues the court erred in failing to allow him interest on the account due him by plaintiff, but no objection was made below on this ground and it cannot be urged for the first time on appeal."

Appellant argues other points, all of which we have examined, but find no error. The judgment is, accordingly, affirmed.