## Marvin HENSLEE v. STATE of Arkansas

5627                                          471 S.W. 2d 352

Opinion delivered October 11, 1971

*William E. Johnson* and *James M. Barker, Jr.,* for appellant.

*Ray Thornton,* Attorney General; *Garner L. Taylor,* Asst. Atty. Gen., for appellee.

Carleton Harris, Chief Justice. Marvin Henslee, appellant herein, was charged by Information with the crime of arson for allegedly burning lands belonging to Georgia-Pacific Corporation in violation of Ark. Stat. Ann. § 41-508 (Repl. 1964). On trial before a jury, he was convicted and fined $50.00. A motion for a new trial was filed, alleging *inter alia* that the court erred in refusing appellant's motion on *voir dire* to excuse as jurors all salaried employees and supervisory personnel for Georgia-Pacific Corporation for cause, and in allowing such an employee to serve as a juror and as foreman of the jury at the trial. The motion was denied and appellant was granted an appeal. For reversal, only the one point is asserted, *viz,* "The trial court erred in denying appellant's motion to excuse for cause all prospective jurors who were employees of the company alleged to have been injured by the offense

charged, and in denying appellant's motion for new trial based in part on said error, which error prevented appellant from receiving a fair and impartial trial".

The record reflects a stipulation between the prosecuting attorney and defense counsel that Hugo D. Miles, who served as foreman of the jury, was a salaried employee of Georgia-Pacific Corporation in a supervisory capacity at the time of the trial. It is further stipulated that appellant exhausted all of his peremptory challenges in the selection of a jury. The record further reflects that during the *voir dire* of the jury panel, counsel for appellant moved to exclude all jurors who were salaried employees of Georgia-Pacific and supervisory personnel of that company. The court then stated:

"Any of you who are employees of Georgia Pacific, would that in any way bias or prejudice you if you are taken on this jury in this case? That is the question, would it bias or prejudice you if you are taken?

(No response from jurors)

COURT: I think they are alright.

MR. BARKER: I believe that the record should show that Mr. Gordon Hartrick was excused from jury duty because he is a forester for Georgia Pacific, and that in addition, four supervisory or salaried employees stood up in response to the Judge's question and we would like to save our exceptions to the failure of the Court to exclude those people as jurors."

The court then excused one other, a Mr. Vesey, but refused to excuse the remainder of the employees. Here, there is a confusing statement in the record. The court stated:

"Let the record show that none of the employees of Georgia Pacific in a supervisory capacity are on the jury of 12. They were placed on the bottom of the list and not taken on the jury."

Yet, as already pointed out, it was stipulated that Miles, the jury foreman, was a salaried employee of Georgia-Pacific in a supervisory capacity at the time. It will be noted that in the quoted portion of the court's remarks, the question was not asked as to how many members of the panel worked for Georgia-Pacific; rather, the record simply reflects that the question was only whether any who were employees would have any bias or prejudice because of that fact.

We agree that the court committed reversible error by not excusing the employees of Georgia-Pacific since appellant exhausted his peremptory challenges, and Miles served on the jury which tried the case. Apparently, the court was confusing actual bias with implied bias, and we have held numerous times that it is within the discretion of the trial court to determine whether a juror has actual bias,[1] and have stated that a judgment will not be reversed unless the court abuses that discretion. *Lewis and Wren* v. *State,* 220 Ark. 914, 251 S. W. 2d 490.

But here we are not dealing with actual bias, but with implied bias, which has been defined as that bias arising by implication of law.[2] Ark. Stat. Ann. § 43-1920 (Repl. 1964) provides:

"A challenge for implied bias may be taken: First. Where the juror is related by consanguinity, or affinity, or stands in the relation of guardian and ward, attorney and client, master and servant, landlord and tenant, *employer and employed on wages* [Our emphasis], or is a member of the family of defendant or of the person alleged to be injured by the offense charged, or on whose complaint the prosecution was instituted." * * *

While the exact situation now before us does not seem to have arisen heretofore, we have reversed judgments for implied bias. See *Railway Company* v. *Smith,* 60 Ark. 221, 29 S. W. 752, and *Caldarera* v. *Giles,* 235 Ark. 418, 360 S. W. 2d 767.

---

[1]Actual bias is defined by Ark. Stat. Ann. § 43-1919 (Repl. 1964).

[2]See *Snyder* v. *State,* 151 Ark. 601, 237 S. W. 87.

As to the facts in the present case, the statute is very clear and, for that matter, its logic can hardly be questioned. Not only should a trial be fair, it should also appear to be fair, and the usual relationship between employer and employee, unless litigating against each other, would presuppose loyalty from one to the other. The disqualification herein discussed is in accord with the general rule. See 50 C. J. S. Juries § 221 a (2), where it is stated "One who is in the employ of one of the parties is generally regarded as incompetent to serve as a juror. * * * * The reasons for the rule in civil actions apply with equal or greater force in criminal cases." At any rate, under the statute, Mr. Miles was disqualified from serving on the jury.

Since appellant made a proper objection, and exhausted all of his peremptory challenges, it follows that prejudicial error was committed, and the judgment is hereby reversed and the cause remanded.

It is so ordered.