Leon SATTERFIELD *v.* STATE of Arkansas

5717                                    483 S.W. 2d 171

Opinion delivered June 5, 1972

*Bon McCourtney & Associates* by: *Troy L. Henry,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. Upon a charge of having burned a barn the appellant was convicted of arson and

sentenced to imprisonment for one year. The facts are stated in our opinions upon two earlier appeals and need not be repeated. 245 Ark. 337, 432 S.W. 2d 472 (1968); 248 Ark. 395, 451 S.W. 2d 730 (1970). The appellant's present points for reversal have to do with the selection of the jury, the admissibility of evidence, and the court's instructions.

Juror Collins at first stated that he had an opinion about the case and that it might take evidence to remove it. He did not recall any particular item of evidence, but he had "a vague remembrance of hearing about the case and possibly hearing a portion of the testimony." Upon further interrogation and explanation by the court, however, Collins stated that he understood his position better and that he could lay aside whatever opinion he had and try the case upon the evidence and the court's instructions. We find no error in the court's acceptance of the juror. The appellant had the burden of showing, by means of the voir dire examination, that Collins was subject to a challenge for cause. That burden was not met. It was not positively shown that Collins had first-hand knowledge of the facts or that he had actually heard any testimony at an earlier trial. Here the facts are materially different from those in *Glover* v. *State*, 248 Ark. 1260, 455 S.W. 2d 670 (1970), for there the jurors ended the interrogation by stating that it would take evidence to remove their opinion. Here just the opposite is true. We do not see that Act 568 of 1969, which provides that no person shall serve as a juror who has formed or expressed an opinion "which may influence his judgment," made any substantial change in our law. Ark. Stat. Ann. § 39-105 (c) (Supp. 1971). Whether the venireman's opinion may influence his judgment is still a matter to be determined by the trial judge.

Later on the court excused a prospective juror whose brother was married to an aunt of the accused. Even if the court was in error in finding the juror to be disqualified, no prejudice appears. "Since a party is not entitled to have any particular juror, the erroneous rejection of a competent talesman is not prejudicial, in the ab-

sence of a showing that some biased or incompetent juror was thrust upon him." *Lewis* v. *Phillips*, 223 Ark. 380. 266 S.W. 2d 68 (1954). That showing is not made in the case at bar.

The court did not err in allowing a witness to testify that one of the accused's companions had said that there was hay in the barn. The question was asked in order to show what Satterfield's response had been. Moreover, the presence of the hay was shown by other proof and in fact was not disputed. Nor do we perceive how the accused could have been prejudiced by the court's action in allowing the prosecuting attorney to remind a witness that he had tried to persuade the witness to return to the scene of the fire to make notes or measurements.

The appellant contends that the court should not have allowed the witness Ross to testify that he and Satterfield had been riding around together and drinking beer or malt liquor during the afternoon before the barn was burned that same night. The testimony was not offered to prove that the accused had committed another crime; that is, drunken driving. In fact, the witness did not say that Satterfield had been drunk. We think the testimony to have been a permissible background to Ross's further testimony that he went to the scene of the fire that night and saw Satterfield there.

With respect to the instructions, the court was right in refusing to give the accused's Instruction 5, defining an accessory after the fact. A mere passive failure to disclose the commission of a crime does not make a person an accessory after the fact. *Fields* v. *State*, 213 Ark. 899, 214 S.W. 2d 230 (1948). Inasmuch as nothing more than such a passive failure was shown, the proffered instruction was abstract and would have been confusing to the jury. We have studied the court's instructions with reference to the definition of accomplices and the weight to be given their testimony and find nothing that can be said to have been prejudicial to the accused.

Affirmed.