Herman Levert MITCHELL *v.*
STATE of Arkansas

CA CR 84-105                    675 S.W.2d 373

Court of Appeals of Arkansas
Division II
Opinion delivered September 26, 1984

*Bennie O'Neil,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Herman Levert Mitchell, was charged with violation of Ark. Stat. Ann. § 41-2203 (Supp. 1983), theft of property by deception. This offense arose out of an investigative audit conducted by the Arkansas Employment Security Division. The audit allegedly established that appellant had illegally received unemployment benefits in excess of $2,000.00. Fraud was assessed and as the amount in question was in excess of $500.00, the matter was turned over to the office of the prosecuting attorney. In addition to the theft charge, the information provided that appellant was subject to sentence enhancement pursuant to Ark. Stat. Ann. § 41-1001 (Supp. 1983), as an habitual offender having at least three prior felonies. Appellant waived a trial by jury whereupon the trial court found appellant guilty of the offense. Sentence was fixed at twelve years in the Arkansas Department of Correction. We affirm.

On appeal, appellant contends for reversal that the policy of the State of Arkansas, Arkansas Employment Security Division, to prosecute only those persons who fraudulently obtain $500.00 or more in unemployment benefits, regardless of the circumstances, is a discriminatory enforcement of Ark. Stat. Ann. § 41-2203 in violation of appellant's right to equal protection of the law, has no rational basis, represents an illegal classification, involves an unequal application of the law, and the effect of which has unlawfully usurped the power of the legislature. The prosecutor's office and the Arkansas Employment Security Division are separate and distinct entities. It should initially ·be noted that the Arkansas Employment Security Division

does not in fact prosecute individuals. It is merely the victim of fraud under these circumstances and the prosecuting attorney's office prosecutes criminal charges.

The essence of appellant's argument would appear to be that he should escape punishment because others who fraudulently obtain unemployment benefits under $500.00 are not prosecuted. Such laxity is not ordinarily a defense to criminal prosecution. See, *Poe* v. *State,* 251 Ark. 35, 470 S.W.2d 818 (1971); *Taylor* v. *City of Pine Bluff,* 226 Ark. 309, 289 S.W.2d 679, *cert. denied,* 352 U.S. 894 (1956); *Barnett* v. *State,* 183 Ark. 884, 39 S.W.2d 321 (1931). It appears to us that the Arkansas Employment Security Division's administrative policy of recommending prosecution only when there has been a theft in excess of $500.00 of unemployment benefits is representative of a valid administrative decision-making function, does not create a new statute and is not improper. Nothing different in the form of punishment was sought nor was there any showing of a difference in treatment in respect to recommending prosecution for all persons who illegally obtained benefits in excess of $500.00. Furthermore, the record reflects that the Benefit Payment Control Unit of the Arkansas Employment Security Division made the decision to seek prosecution and that the prosecutor's office had no input in its decision. When asked by the trial court why the Employment Security Division used $500.00 as the minimum amount, it responded that the national office of the Department of Labor had recommended that only the most flagrant cases be prosecuted.

Equal protection of the laws necessarily extends to their application. *Taylor* v. *City of Pine Bluff, supra.* However, the conscious exercise of some selectivity in enforcement is not in itself a constitutional violation. See, *e.g., Oyler* v. *Boles,* 368 U.S. 448 (1962); *United States* v. *Ojala,* 544 F.2d 940 (8th Cir. 1976); *United States* v. *Swanson,* 509 F.2d 1205 (8th Cir. 1975); and *Poe* v. *State, supra.*

In *Oyler* v. *Boles, supra,* certiorari was granted in habeas corpus proceedings commenced in the Supreme Court of Appeals of West Virginia seeking relief from

conviction under that state's recidivist statute. The United States Supreme Court observed:

> Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged. [Cites omitted]

We find no merit to appellant's contention that the policy of the Arkansas Employment Security Division violates his right to equal protection of the law and there is no evidence that the prosecuting attorney's office engaged in selective prosecution. Therefore, we hold that appellant has not met his burden of proof in establishing an equal protection violation nor did he establish an absence of a rational basis. *United States* v. *Swanson, supra.* As stated previously, we believe this administrative policy represents a valid administrative decision-making function.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.