**STATE of Iowa, Appellee,**

v.

**Gary Dean DEIERLING, Appellant.**

No. 86–1205.

Supreme Court of Iowa.

June 17, 1987.

Rick L. Olson, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James A. Smith, Co. Atty., and Odell McGhee, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

The defendant, Gary Dean Deierling, was convicted of operating a motor vehicle while under the influence of alcohol, second offense. Iowa Code § 321.281 (1985). During the voir dire examination of the jury panel, Deierling challenged one of the prospective jurors for cause because she was employed by the Iowa State Legislative Services Bureau. *See* Iowa R.Crim.P.

17(5)(e). The court overruled the challenge. The challenged juror did not serve, but the defendant was required to exercise one of his strikes to remove her. *See* Iowa R.Crim.P. 17(9). The defendant was convicted, and on his appeal, we affirm.

Iowa Rule of Criminal Procedure 17(5)(e) provides, in part:

A challenge for cause may be made by the state or defendant, and must distinctly specify the facts constituting the causes thereof. It may be made for any of the following causes:

. . . .

e. Standing in the relation of guardian and ward, attorney and client, *employer and employee,* or landlord and tenant, or being a member of the family of the defendant, or *of the person alleged to be injured* by the offense charged, *or on whose complaint, or at whose instance, the prosecution was instituted,* or in his or her employ on wages.

(Emphasis added.)

Deierling's argument is that the state of Iowa is the plaintiff, or the "person alleged to be injured by the offense charged," or "on whose complaint, or at whose instance, the prosecution was instituted." *Id.* We do not agree.

■ This rule, like a statute, must be interpreted in a "sensible, workable, practical and logical" manner. *See Emmetsburg Ready Mix Co. v. Norris,* 362 N.W.2d 498, 499 (Iowa 1985). Under Deierling's theory, every state employee would be subject to challenge for cause in every criminal case, even when there is no reasonable likelihood of actual bias. We do not believe this was the intent of the rule.

■ Statutes on challenges for cause, or rules like our rule of criminal procedure 17(5)(e), are said to create classes of imputed or implied bias or presumptions that certain classes of persons will be biased because of their particular circumstances in relation to the case. *See United States v. Wood,* 299 U.S. 123, 149–50, 57 S.Ct. 177, 187, 81 L.Ed. 78, 90 (1936); *Tilford v. Page,* 307 F.Supp. 781, 786–87 (D.C.Okla.1969);

*Henslee v. State,* 251 Ark. 125, 471 S.W.2d 352, 354 (1971); *Smith v. State,* 477 N.E.2d 311, 313 (Ind.App.1985). We do not believe rule 17(5)(e) was intended to create such a broad presumption. The United States Supreme Court, in addressing a similar question as to whether employees of the federal government should be presumed to be biased, said this:

[W]hy should it be assumed that a juror, merely because of employment by the Government, would be biased against the accused? In criminal prosecutions the Government is acting simply as the instrument of the public in enforcing penal laws for the protection of society. In that enforcement all citizens are interested. It is difficult to see why a governmental employee, merely by virtue of his employment, is interested in that enforcement either more or less than any good citizen is or should be.

*Wood,* 299 U.S. at 149, 57 S.Ct. at 186, 81 L.Ed. at 90; *accord United States v. Chapman,* 158 F.2d 417, 419 (10th Cir.1946). We believe the trial judge correctly overruled the challenge for cause. We therefore affirm.

AFFIRMED.