Rodney Parker OWENS *v.* STATE of Arkansas

CR 03-231 128 S.W.3d 445

Supreme Court of Arkansas
Opinion delivered November 6, 2003

648

*Keith, Miller, Butler & Webb*, by: *Andrew R. Miller*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Rodney Parker Owens was charged in the Benton County Circuit Court with the offense of attempting to evade or defeat the payment of tax, a Class C felony, in violation of Ark. Code Ann. § 26-18-201 (Repl. 1997). The jury convicted him of the lesser-included offense of failure to pay tax, a Class D felony, in violation of Ark. Code Ann. § 26-18-202 (Repl. 1997). He was sentenced to pay a $10,000 fine, plus $150 in court costs. He raises seven points for reversal, three of which are issues of first impression in this state. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We find no error and affirm.

Because Appellant does not challenge the sufficiency of the evidence to convict him, it is not necessary to recite the facts in great detail. Suffice it to say that on August 12, 1997, Appellant purchased a 1989 Vogue IV, thirty-seven-foot motor home in Pryor, Oklahoma. Appellant and his wife resided in Arkansas at the time. He did not register and license the motor home with the State of Arkansas. Instead, he registered the vehicle with the State of Oregon. At the time, Oregon law did not require the payment of any tax upon registering a motor home; however, Arkansas law did. It is undisputed that Arkansas law in effect at the time of purchase required Appellant to register and license the vehicle within twenty days after its purchase, which would have been September 2, 1997. The tax owed on the vehicle would have been due at the time of registration.

On March 22, 1999, after reading a newspaper article stating that it was wrong for an Arkansas resident to register a vehicle in another state, particularly Oregon, Appellant contacted the revenue department and transferred the registration of the motor home to Arkansas. He also obtained an Arkansas license plate for the vehicle. He did not, however, pay the outstanding tax due on the motor home. Around this time, the Arkansas State Police began investigating Arkansas residents who were registering vehicles in Oregon. The investigation eventually led to Appellant's arrest on December 13, 2001. At the time, Appellant was a district judge for the district court of Benton County West and was also a municipal judge for several cities.

A criminal information was filed on the date of his arrest, charging Appellant with the Class C felony of attempting to evade or defeat the payment of sales tax on the motor home. On June 2, 2002, the charge was amended to the Class C felony of attempting to evade or defeat the payment of use tax. In the interim, on April 12, 2002, Appellant paid the tax owed plus interest. Appellant was tried before a jury and was convicted of the lesser-included charge of failure to pay tax. The judgment was entered on August 6, 2002. Appellant filed a timely notice of appeal and now raises seven allegations of error.

## I. Statute of Limitations

For his first point for reversal, Appellant argues that the trial court erred in applying the six-year statute of limitations found in Ark. Code Ann. § 26-18-306(j) (Repl. 1997), rather than the general three-year statute of limitations for Class C felonies, found in Ark. Code Ann. § 5-1-109(b)(2) (Repl. 1997). He contends that if the three-year period controls, the prosecution was not timely commenced. If, on the other hand, the six-year limitations period controls, his prosecution was timely commenced. This court has not heretofore interpreted the limitations period in section 26-18-306(j). We now hold that the trial court was correct to apply this limitations period.

Section 26-18-306, titled "Time limitations for assessments, collection, refunds, and prosecution," provides in pertinent part:

> (j) No person shall be prosecuted, tried, or punished for any of the various criminal offenses arising under the provisions of any state tax law unless the indictment of the taxpayer is instituted within six (6) years after the commission of the offense.

Section 5-1-109(b)(2), on the other hand, provides that prosecutions for Class C felonies must be commenced within three years. During the hearing below, Appellant contended that the general limitations period found in section 5-1-109 should govern, while the prosecutor argued that the more specific provision found in section 26-18-306, which is included in the chapter on state tax law, should control.

The trial court agreed with the prosecutor, finding that the plain language of section 26-18-306(j) applied to the charge of willful tax evasion against Appellant. The trial court found significant that section 26-18-306(j) specifically applied to criminal

prosecutions under the provisions of any state tax law. The court also found significant the fact that section 26-18-306(j) was enacted four years after section 5-1-109 and that Ark. Code Ann. § 26-18-103 (Repl. 1997) specifically provides that in the event of a conflict with any state law, the provisions of that chapter shall control. We affirm this ruling.

■ ■ It is a well-settled principle of law that a general statute does not apply when a specific one governs the subject matter. *See, e.g., Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n*, 342 Ark. 591, 29 S.W.3d 730 (2000); *L.H. v. State*, 333 Ark. 613, 973 S.W.2d 477 (1998); *Williams v. City of Pine Bluff*, 284 Ark. 551, 683 S.W.2d 923 (1985); *Ridgeway v. Catlett*, 238 Ark. 323, 379 S.W.2d 277 (1964). Section 26-18-306(j) specifically provides a six-year limitations period for prosecutions for "any of the various criminal offenses arising under the provisions of any state tax law." "State tax law" means, *inter alia*, laws contained in Chapter 18 of Title 26 of the Arkansas Code. *See* Ark. Code Ann. § 26-18-104(13) (Repl. 1997). Appellant was charged with violating one of those "state tax laws," specifically with willfully attempting to evade or defeat payment of a tax, as provided in section 26-18-201. Accordingly, his prosecution is governed by the six-year statute of limitations provided in section 26-18-306(j). If this conclusion was not clear enough from the plain language of the foregoing provisions, it is made eminently clear from the language in section 26-18-103, which provides in part that "in the event of conflict with any state law, *this chapter shall control.*" (Emphasis added.) We thus affirm the trial court's ruling on this point.

## II. Motion to Dismiss

For his second point on appeal, Appellant argues that the trial court erred in denying his motion to dismiss because his conduct was not of the type prohibited by Chapter 18 of Title 26. Rather, he asserts that the provisions of Chapter 18 specifically do not apply to the failure to pay tax due on a vehicle. To support his argument, he relies on Ark. Code Ann. § 26-18-102 (Repl. 1997), which provides in pertinent part:

> The purpose of this chapter is to provide, as far as possible, uniform procedures and remedies with respect to all state taxes *except* the following:

 (1) Certificates of Title — Registration — Anti Theft Provision, § 27-14-101 et seq.; [Emphasis added.]

Appellant asserts that an individual only has a legal duty to pay sales or use tax upon a vehicle when registering that vehicle pursuant to our registration laws contained in Chapter 14 of Title 27 of our Code. The essence of his argument is that the act of registration was the mechanism that triggered the legal obligation to pay use tax. Thus, he claims that he could not be charged under section 26-18-201 for willfully attempting to evade paying the use tax, because it arose pursuant to his duty to register the vehicle. This issue is one of first impression, as this court has yet to interpret section 26-18-102.

 The State asks us to affirm on this point because Appellant has failed to cite to any legal authority or make any convincing argument to support this point. Notwithstanding this failure, the State asserts that the trial court did not err in denying Appellant's motion to dismiss because it is clear that Appellant was not charged for violating the registration laws. Rather, he was charged with willfully attempting to evade the payment of use tax, pursuant to Ark. Code Ann. § 26-53-126 (Repl. 1997). We agree.

 This court has made it exceedingly clear that it will not consider an assignment of error when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *See, e.g., Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003); *Wooten v. State*, 351 Ark. 241, 91 S.W.3d 63 (2002); *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001). Appellant has cited nothing other than the statutes noted above to support his position, and he has failed to make any convincing argument on the issue, other than to state that to include his conduct under section 26-18-201 "would create the possibility of owners of non-moving vehicles being subjected to felony prosecutions."

 Moreover, it is not otherwise apparent that his argument on this point is well taken. Appellant was not charged with having violated a provision of the vehicle-registration laws, such as the failure to register his motor home. Instead, as the State points out, he was charged with having willfully attempted to evade paying use tax on his motor home, pursuant to section 26-53-126, which provides in pertinent part:

> (a)(1)(A)(i) All new and used motor vehicles, trailers, or semi-trailers required to be licensed in this state shall, upon being registered in this state, be subject to the tax levied herein and all other use taxes levied by the state irrespective of whether such motor vehicle, trailer, or semitrailer was purchased from a dealer or an individual.
>
> . . . .
>
> (2)(A) The tax levied herein and all other use taxes levied by the state shall be paid on or before the time for registration as prescribed by § 27-14-903(a).

The taxes provided for in this section are not exempt from the statute under which Appellant was charged. Accordingly, his argument on appeal is not well taken. We agree with the State that the prosecution's theory was not that appellant failed to register his motor home with the State of Arkansas, but that he failed to register it as part of a scheme to willfully evade the payment of the use tax. Thus, his act of failing to register the vehicle was, under the circumstances, merely evidence of his willful purpose to evade the payment of use tax under section 26-53-126. We thus affirm on this point.

### III. Motion for Trial Judge to Recuse

For his third point, Appellant argues that it was error for the trial judge to refuse to recuse himself from Appellant's case. During the proceedings below, Appellant initially contended that the trial judge should disqualify himself because Appellant had expressed an interest in running for circuit judge in 2002, either for the position occupied by the trial judge or for that position occupied by the trial judge's wife. He later abandoned these claims and, instead, argued that the trial judge should recuse because Appellant was a sitting judge in the same county. Appellant voiced his concern that the tremendous amount of pretrial publicity had put an impossible burden on the trial judge to make sure that Appellant was treated like any other criminal defendant, and this burden would, in turn, have the effect of tipping the scales of justice against Appellant. There is no merit to this argument.

A trial judge has a duty not to recuse from a case where no prejudice exists. *Worth v. Benton County Cir. Court*, 351 Ark. 149, 89 S.W.3d 891 (2002). Thus, if there is no valid reason

for the judge to disqualify himself or herself, he or she has a duty to remain on a case. *Id.* There is a presumption that judges are impartial. *Irvin v. State*, 345 Ark. 541, 49 S.W.3d 635 (2001); *Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001); *Judicial Discipline & Disab. Comm'n v. Thompson*, 341 Ark. 253, 16 S.W.3d 212 (2000); *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996). The person seeking disqualification bears the burden of proving otherwise. *Thompson*, 341 Ark. 253, 16 S.W.3d 212; *Turner*, 325 Ark. 237, 926 S.W.2d 843. The trial judge's decision not to recuse from a case is a discretionary one and will not be reversed on appeal absent an abuse of that discretion. *Irvin*, 345 Ark. 541, 49 S.W.3d 635; *Davis*, 345 Ark. 161, 44 S.W.3d 726. An abuse of discretion can be shown by proving bias or prejudice on the part of the trial judge. *Id.* To decide whether there has been an abuse of discretion, this court reviews the record to determine if prejudice or bias was exhibited. *Irvin*, 345 Ark. 541, 49 S.W.3d 635; *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001). It is the appellant's burden to demonstrate such bias or prejudice. *Id.*

In the present case, the trial judge denied Appellant's motion to recuse. The judge found that there was no basis for recusal and that there was no evidence in the record that the judge and Appellant had ever been political opponents or rivals. The judge found further that there was nothing in the record to show that he and Appellant had ever spoken a harsh word to one another.

On appeal, Appellant does not take issue with the factual basis for the judge's decision to remain on the case. Nor does he claim that the trial judge was actually biased or prejudiced against him during the course of the proceedings. Instead, he argues that for a judge to hear a case regarding another judge, when both preside in the same county, impairs the impartiality owed to Appellant in this case. Thus, as the State points out, Appellant appears to be inviting us to announce a *per se* rule that a judge must recuse from any case in which another judge in the same county is a criminal defendant. We decline this invitation, and we affirm the trial court's ruling, as it is correct under our case law.

### IV. Selective Prosecution

For his fourth point on appeal, Appellant argues that the trial court erred in denying his motion to dismiss for selective prosecution without first holding a hearing. In his motion, Appellant

argued that the prosecutor was discriminating against him by prosecuting him while other persons similarly situated had not been prosecuted. He alleged that the prosecutor's motivation for pursuing the charge stemmed from animosity held by the Arkansas State Police (ASP), the agency that instigated and investigated the charges against Appellant. It was Appellant's theory that ASP felt that he was too lax as a judge on certain cases, especially DWIs, brought by ASP. Similarly, he theorized that the prosecutor's bias was evident from the fact that his office had asked Appellant to recuse from all county cases brought before him following his arrest. He thus claims that he made a sufficient showing of selective prosecution to entitle him to a hearing on the issue.

The prosecutor, on the other hand, contended that a claim of selective prosecution required a showing of two elements: (1) proof that the government had singled Appellant out for prosecution while others similarly situated were not prosecuted; and (2) proof that Appellant's being singled out was based on an impermissible motive, such as race, religion, or the exercise of constitutional rights. See United States v. Wilson, 806 F.2d 171 (8th Cir. 1986). The prosecutor contended that Appellant's proof fell short on both elements, especially regarding the second element.

The trial court agreed with the prosecutor that Appellant had not made a prima facie showing of selective prosecution as defined by both state and federal case law. The trial court rejected Appellant's claim that he was not able to make a prima facie showing as to the first element, as he had not been provided with sufficient information from the prosecutor's office concerning other persons in the county who had purchased a vehicle and registered it with the State of Oregon. The trial court pointed out that Appellant had been given information concerning the investigation of at least eleven such persons, and that Appellant had not even shown that those persons were similarly situated to Appellant. The trial court ruled that it would not grant a hearing for the purpose of conducting further investigation.

Finally, the trial court was persuaded that Appellant had absolutely failed to prove the second element, that he was being discriminated against because he was the member of a constitutionally protected class or was otherwise engaged in constitutionally protected conduct. The trial court found that judges are not a specific class, anymore than lawyers or police officers are. The court observed that state and federal cases make it clear that there

must be proof that the selective nature of the prosecution was based upon race, gender, or religion, or that the prosecution was brought because the person was exercising a constitutional right, such as freedom of speech, religion, expression, or assembly. The court concluded that no such showing had been made in this case.

One of the cases relied on by the trial court is *Poe v. State*, 251 Ark. 35, 470 S.W.2d 818 (1971). There, the appellant asked this court to reverse his convictions because his rights to equal protection and due process were violated. The appellant claimed that he was the victim of selective prosecution, based on the trial judge's statement that he had no prior experience with the statute under which the appellant was charged. This court rejected the appellant's claim, holding:

> The most that can be said is that there may have been some laxity in the enforcement of the act. In other jurisdictions laxity in enforcement, even though without apparent excuse, has been held insufficient to render application of such a statute to an individual defendant a denial of equal protection or due process of law, in the absence of any showing of arbitrary or capricious action or of a wilful intention to discriminate. It has been said that *failure of a prosecutor to enforce the law as to some persons should not be converted into a defense for others charged with crime.* The United States Court of Appeals for the Fifth Circuit stated that it had never been held that one who is guilty of a crime cannot be punished merely because others equally guilty had not been prosecuted or convicted. The Supreme Court of the United States [in *Oyler v. Boles*, 368 U.S. 448 (1962)] has held that *even conscious selectivity in enforcement of such an act which is not based upon unjustifiable standards or arbitrary classification does not offend against constitutional equal protection and due process standards.*

*Id.* at 37-38, 470 S.W.2d at 820 (citations omitted) (emphasis added).

■ Similarly, our court of appeals has held that although equal protection of the laws necessarily extends to their application, the conscious exercise of some selectivity in enforcement is not, in and of itself, a constitutional violation. *See Mitchell v. State*, 12 Ark. App. 263, 675 S.W.2d 373 (1984). The *Mitchell* court relied on the following holding from the Supreme Court's decision in *Oyler v. Boles*, 368 U.S. 448 (1962):

Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. *Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.* Therefore grounds supporting a finding of a denial of equal protection were not alleged.

*Id.* at 266, 675 S.W.2d at 375 (emphasis added) (quoting *Oyler*, 368 U.S. at 456).

■ None of the cases from this court or the court of appeals has dealt with the specific issue raised by Appellant, regarding the showing that must be made before a hearing on the issue is required. It is thus an issue of first impression in this state. Appellant relies on the Eighth Circuit's decision in *Wilson*, 806 F.2d 171, wherein the court held:

The burden on a selective prosecution claim falls heavily on the defendant. To establish a prima facie case a defendant must show that the government singled him out for prosecution while others similarly situated were not prosecuted for similar conduct and that the government's action in thus singling him out was based on an impermissible motive such as race, religion or the exercise by defendant of constitutional rights. If such showing is made, the burden shifts to the government to disprove defendant's case at an evidentiary hearing. *Before a hearing is mandated, however, a defendant's claim must be supported by specific factual allegations that take the motion past a frivolous phase and raise a reasonable doubt as to the prosecutor's purpose.* In this case defendant has failed to provide a specific factual basis for his claim. It was not error for the district court to deny defendant's motion to dismiss for selective prosecution without a hearing.

*Id.* at 176 (citations omitted) (emphasis added). *See also United States v. Larson*, 612 F.2d 1301 (8th Cir.), *cert. denied*, 446 U.S. 936 (1980).

■ We agree with Appellant that the test used by the Eighth Circuit in *Wilson* is sound, and we hereby adopt it. However, that is where our agreement with Appellant ends. Applying the Eighth Circuit's test to the present case, we must conclude that the trial court did not err in denying Appellant's request for an evidentiary hearing. It is clear from the record that Appellant essentially asked the trial court to hold a hearing to

determine if there were facts that would support his allegation of selective prosecution. In this respect, Appellant has put the cart before the horse. The holding in *Wilson* makes clear that there must be a specific factual basis for the claim before the court is required to hold an evidentiary hearing, not the other way around. Appellant's motion to dismiss does not reflect any such specific facts that would support either prong of a selective-prosecution claim. Accordingly, we affirm the trial court's denial of his motion to dismiss.

## V. Excusing Potential Jurors for Cause

For his fifth point, Appellant argues that the trial court erred in excusing for cause two prospective jurors who had been delinquent in paying their personal property taxes with the county. Both prospective jurors stated that they were not aware of the delinquency until being asked about it by the trial court. Both then told the trial court that they intended to pay the taxes. Both also stated that the fact that they were delinquent in paying their taxes would not interfere with their ability to sit on Appellant's case and that they could follow the law as instructed. Despite these latter statements, the prosecutor moved to excuse the jurors for cause on the ground that the fact that they had failed to pay their taxes could cloud their judgment if they were to be selected to sit on Appellant's case.

The trial court granted the prosecutor's motion to strike the jurors on the ground of implied bias. The trial court found credible the prospective jurors' statements that they were not aware of the delinquency. The trial court then concluded that this unawareness would make it very difficult for them to weigh the evidence against Appellant, especially since the court anticipated that Appellant would present evidence that his actions were likewise inadvertent and not willful. We find no error with the trial court's ruling.

 Unlike actual bias, implied bias arises by implication of law. *Linell v. State*, 283 Ark. 162, 671 S.W.2d 741 (1984), *cert. denied*, 470 U.S. 1062 (1985); *Henslee v. State*, 251 Ark. 125, 471 S.W.2d 352 (1971). Arkansas Code Annotated § 16-33-304(b)(2)(B) (Repl. 1999) provides that a prospective juror may be challenged for implied bias, and it lists seven examples, none of which would apply to the trial court's ruling in this case. This court

has held that section 16-33-304 and its predecessors must be construed liberally in criminal cases to insure the defendant's constitutional right to a trial by an impartial jury. *Beed v. State*, 271 Ark. 526, 609 S.W.2d 898 (1980). *See also Roderick v. State*, 288 Ark. 360, 705 S.W.2d 433 (1986); *Linell*, 283 Ark. 162, 671 S.W.2d 741.

Appellant acknowledges the requirement of liberal construction. He also acknowledges this court's holding in *Ruiz v. State*, 273 Ark. 94, 617 S.W.2d 6, *cert. denied*, 454 U.S. 1093 (1981), that a trial court has discretion to excuse a juror for implied bias, even if the bias does not clearly fall within one of the statutorily provided categories, as it would be impossible for the statute to cover every conceivable circumstance touching on a juror's possible bias. *See also Roderick*, 288 Ark. 360, 705 S.W.2d 433. Notwithstanding, he argues that the reason for the exclusion of the prospective jurors in this case came "nowhere near the statute, liberally or otherwise."

In contrast, the State contends that the trial court's ruling was not an abuse of discretion and that, furthermore, Appellant's argument should be rejected because he has failed to show that the trial court's ruling prejudiced him in any way.[1] The State submits that a showing of prejudice is necessary under this court's cases, because a party is not entitled to have a particular juror seated on his or her case. We agree with the State on this point.

This court has repeatedly held that a party is not entitled to the services of a particular juror, beginning with *Hurley v. State*, 29 Ark. 17 (1874). There, the appellant argued that he was entitled to a new trial because the trial court had erroneously disqualified a prospective juror on the ground that he was not a registered elector. This court rejected the appellant's argument:

---

[1] In his reply brief, Appellant states that the prejudice stems from the fact that the prosecutor effectively received two extra peremptory strikes as a result of the trial court's ruling. We do not address this argument, as this court has repeatedly held that an argument cannot be raised for the first time in a reply brief. *See, e.g., Maddox v. City of Fort Smith*, 346 Ark. 209, 56 S.W.3d 375 (2001); *State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000).

But whether the court was right or wrong in this, it is not material to decide, for if wrong, *the erroneous rejection of a talesman*[2] would be no sufficient cause for granting the appellant a new trial. He had no legal right to have that particular person as a juror. The court might have excused the talesman from serving on the jury for any cause deemed sufficient, in its discretion, without legal prejudice to the appellant.

*Id.* at 22 (emphasis added). *See also Ruiz*, 273 Ark. 94, 617 S.W.2d 6; *Strode v. State*, 259 Ark. 859, 537 S.W.2d 162 (1976); *Satterfield v. State*, 252 Ark. 747, 483 S.W.2d 171 (1972); *Lewis v. Phillips*, 223 Ark. 380, 266 S.W.2d 68 (1954). This court has explained:

It is thoroughly settled that a defendant has no right to the services of any particular juror. *He may only demand that he be tried before a fair and impartial jury, and it is difficult to imagine a case where the judge had excused a juror from further service on the regular panel which would afford any defendant just cause of complaint.*

*Sullivan v. State*, 163 Ark. 11, 14, 258 S.W. 643, 644-45 (1924) (emphasis added). *See also Adams v. Arkansas State Hwy. Comm'n*, 235 Ark. 837, 362 S.W.2d 425 (1962); *Hallum v. Blackford*, 202 Ark. 544, 151 S.W.2d 82 (1941); *Harrison v. State*, 200 Ark. 257, 138 S.W.2d 785 (1940).

Furthermore, it has long been the position of this court to refuse to reverse the trial court's decision to strike a prospective juror for cause absent a showing of prejudice. As far back as *Decker v. Laws*, 74 Ark. 286, 85 S.W. 425 (1905), this court indicated that it would only reverse for the erroneous rejection of a prospective juror where prejudice is shown. Prejudice is demonstrated by showing that because of the trial court's action, "some biased or incompetent juror was thrust upon" the appellant. *Id.* at 288, 85 S.W. at 426. This requirement of prejudice has consistently been required by this court. *See, e.g., Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002); *Bangs v. State*, 338 Ark. 515, 998 S.W.2d 738 (1999); *Biggers v. State*, 317 Ark. 414, 878 S.W.2d

---

[2] The term "talesman" is defined as: "1. A person selected from among the bystanders in court to serve as a juror when the original jury panel has become deficient in number. 2. VENIREMEMBER — Also termed *tales-juror.*" *Black's Law Dictionary*, 1467 (7th ed. 1999).

717 (1994); *Ruiz*, 273 Ark. 94, 617 S.W.2d 6; *Strode*, 259 Ark. 859, 537 S.W.2d 162; *Satterfield*, 252 Ark. 747, 483 S.W.2d 171; *Lewis*, 223 Ark. 380, 266 S.W.2d 68.

■ Here, Appellant has failed to show that the trial court abused its discretion in excusing the two prospective jurors for implied bias, based on the fact that they had just been made aware that they were delinquent in paying their personal property taxes. Even though the reason for their being excused is not among the examples set out in section 16-33-304, we apply that statute liberally to achieve the purpose of seating a fair and impartial jury. In any event, even if the trial court's rejection of these two jurors was erroneous, we would nonetheless affirm because Appellant has failed to show that he was prejudiced in that their rejection resulted in his having biased or partial jurors thrust upon him. We thus affirm the trial court's ruling on this point.

### VI. Lesser-Included Offense

For his sixth point for reversal, Appellant argues that the trial court erred in refusing to instruct the jury on the misdemeanor offense of operating a vehicle without a license plate, as provided in Ark. Code Ann. § 27-14-304 (Repl. 1994). He contends that the offense is a lesser-included offense. The State argues that the trial court's ruling was not error because operating a vehicle without a license plate is not a lesser-included offense of tax evasion. We agree with the State.

■ The determination of when an offense is included in another offense depends on whether it meets one of the three tests set out in Ark. Code Ann. § 5-1-110(b) (Repl. 1997). *McCoy v. State*, 347 Ark. 913, 69 S.W.3d 430 (2002). That section provides:

> (b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

> (1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

> (2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

Appellant asserts that the charge of operating a vehicle without a license is a lesser-included offense under subsections (1) and (3). We disagree.

Appellant was charged with willfully attempting to evade or defeat the payment of tax, in violation of section 26-18-201(a). The jury was instructed: "To sustain this charge, the State must prove beyond a reasonable doubt that: Rodney Owens willfully attempted to evade or defeat the payment of any tax, penalty, or interest due under any state tax law." Appellant was actually convicted of the lesser charge of willfully failing to pay tax, in violation of section 26-18-202. On this charge, the jury was instructed: "To sustain this charge, the State must prove beyond a reasonable doubt 1) that Rodney Owens was required to pay a tax to the State of Arkansas, and 2) Rodney Owens willfully failed to pay that tax."

The offense that Appellant asserts should have been given to the jury, operation of a vehicle without a license plate, is found in section 27-14-304, which provides in pertinent part:

(a) No person *shall operate, nor shall an owner knowingly permit to be operated, upon any highway* any vehicle required to be registered under this chapter unless there shall be attached thereto and displayed thereon, when and as required by this chapter, a valid license plate issued therefor by the office for the current registration year, except as otherwise expressly permitted in this chapter. [Emphasis added.]

To sustain this charge, the State would have to prove that (1) the vehicle was operated upon any highway, either by the person charged or by another which the owner of the vehicle knowingly permits, and (2) that the vehicle is being operated without a valid license plate attached thereto.

To qualify as a lesser-included offense under section 5-1-110(b)(1), the lesser charge must be established by proof of the same or less than all the elements required to establish the commission of the offense charged. Thus, an offense is included in

another offense if the statutory definition of the greater offense encompasses all of the statutorily defined elements of the lesser offense. *Thomas v. State*, 280 Ark. 593, 660 S.W.2d 169 (1983). Stated another way, an offense is included in another offense if it is not possible to commit the greater offense without committing the lesser one. *Trotter v. State*, 290 Ark. 269, 719 S.W.2d 268 (1986), *overruled on other grounds in Smith v. State*, 292 Ark. 162, 729 S.W.2d 5 (1987).

■ Here, the statutory definition of the greater offenses do not encompass all of the statutorily defined elements of the lesser charge. Specifically, they do not encompass the element of proof that a vehicle is operated or permitted to be operated upon a highway without a valid license plate. It is thus possible to commit the greater offenses, willfully attempting to evade or willfully failing to pay taxes, without committing the offense of operating or knowingly permitting to be operated a vehicle upon any highway without a valid license plate attached thereto. Accordingly, the lesser charged is not included in the greater offenses under subsection (b)(1) of section 5-1-110.

■ Likewise, the lesser charge is not included in the greater offenses under subsection (b)(3), because it does not differ from the offense charged *only* in the respect that it requires a less serious injury or risk of injury *or* a lesser kind of culpable mental state. As stated above, the lesser charge differs from the greater offenses in that it requires proof of *an additional element* not required under the greater offenses. Accordingly, the trial court did not err in refusing to instruct the jury on the offense of operating a vehicle without a license.

### VII. Ignorance of the Law

For his seventh and final point, Appellant argues that the trial court erred in instructing the jury that ignorance of the law is no excuse, because the offense that he was charged with required proof of willful conduct. He contends that the instruction was confusing to the jury in that it conflicted with the instruction defining "willfully" as implying knowledge and a preference to do wrong. He further contends that the instruction conflicted with Ark. Code Ann. § 5-2-206(e) (Repl. 1997), which provides for certain evidence showing mistake of law.

The State asserts that Appellant's argument concerning section 5-2-206 is procedurally barred because he did not raise it below. We agree. The record reflects that during the discussion of jury instructions, Appellant's attorney stated:

> As I said in chambers, I would object on the record to the ignorance of law instruction. I do believe it confuses the issue based on the willful intent instruction. I understand the lawyers will be able to argue both sides of that and I understand that's a providence for the jury to determine exactly what that means and how it means. But I do believe it's confusing the issues.

This objection did not apprise the trial court of Appellant's current argument that the instruction was inconsistent or in conflict with the mistake-of-law provision in section § 5-2-206(e). As such, we will confine our review to the argument raised below, that the instruction was confusing to the jury in light of the instruction pertaining to the definition of "willfully."

■ This court has long recognized that every person is presumed to know the law. *See Henderson v. Gladish*, 198 Ark. 217, 128 S.W.2d 257 (1939). *See also Rutherford v. Barnes*, 312 Ark. 177, 847 S.W.2d 689 (1993). "[A] person is not relieved of criminal liability for conduct because he engages in that conduct believing that it does not, as a matter of law, constitute an offense." Ark. Code Ann. § 5-2-206(b) (Repl. 1997). "It is well settled that ignorance of the law or lack of knowledge of a legal requirement is never an excuse to a criminal charge." *Williams v. State*, 346 Ark. 304, 309, 57 S.W.3d 706, 710 (2001).

■ The jurors in this case were instructed that "ignorance of the law is not a *defense* to a crime in the State of Arkansas." (Emphasis added.) This instruction is a correct statement of the law, as evidenced by the foregoing authorities. In its essence, the instruction means that a lack of knowledge will not relieve a person of any and all liability for a criminal offense. However, this is not to say that a person may not claim a lack of knowledge of the law in an attempt to negate an element of the offense charged, namely that of the person's intent. Thus, it was not inconsistent to instruct the jurors that ignorance will not acquit a defendant outright, while also instructing them of the State's burden to prove the culpable mental state required to commit the offense. The

State's burden was in no way lessened by the instruction on ignorance of the law. We thus affirm the trial court's ruling on this issue.

Affirmed.