PAUL E. DANIELSON, JUSTICE, dissenting. I respectfully dissent. This court has made clear that a trial judge has a duty to not recuse from a case where no prejudice exists. See, e.g., Owens v. State, 354 Ark. 644, 128 S.W.3d 445 (2003). Thus, if there is no valid reason for the judge to disqualify himself or herself, he or she has a duty to remain on a case. See id. Furthermore, there is a presumption that judges are impartial. See id. The person seeking disqualification bears the burden of proving otherwise. See id. The trial judge’s decision to not recuse from a case is a discretionary one and will not be reversed on appeal absent an abuse of that discretion. See id. An abuse of discretion can be shown by proving bias or prejudice- on the part of the trial judge. See id. To decide whether there has been an abuse of discretion, this court reviews the record to determine if prejudice or bias was exhibited. See id. It is the appellant’s burden to demonstrate such bias or prejudice. See id. In my opinion, appellant Jacqueline Ferguson has failed in that burden and has thus failed to demonstrate an abuse of discretion. • First, Circuit Judge Barbara Elmore did not “previously preside[ ] as a judge over the matter in another court” when she presided over the adjudication hearing in the dependency-neglect case. See Ark. Code Jud. Conduct R. 2.11(A)(6)(d) (2015). Neither Rule 2.11, nor | 12the comments to the rule, nor the “Terminology” section of the Code defines “matter” for purposes of determining whether subsection (A)(6)(d) applies. However, court rules are to be construed using the same criteria, including canons of construction, that are used to interpret statutes. See, e.g., Layman v. State, 2015 Ark. 485, 478 S.W.3d 203. Therefore, a court- rule is to be construed just as it reads, giving the words their ordinary and usually accepted meaning in common langüage. See id. In my view, the ordinary and usually accepted meaning of the term “matter,” in this context, is synonymous with “case.” In other words, Rule 2.11(A)(6)(d) would require recusal only when the judge previously presided over the same case in another court. The most obvious example of this would be an appellate court judge who previously presided over the case as a trial judge. An identical provision in the American Bar Association 2007 Model Code of Judicial Conduct has been explained in exactly this way. The “Explanation of Black Letter” following the rule and its comments describes subsection (A)(6)(d) as a “[n]ew paragraph on judges sitting on cases they previously heard.” (Emphasis added.) The “Explanation” also includes this provision: Trial judges sometimes sit by designation on courts of appeal, and vice ver-sa. Such judges should not hear cases over which they presided in a different court, and this Rule makes that clear. This Rule, however, leaves unaffected the propriety of a judge who decided a case on a panel of an appellate court participating in the rehearing of the case en banc with that same court. The corresponding provision in the Model Code has been interpreted in accordance with this explanation. “Rule 2.11(A)(6)(d) makes clear that judges should not hear cases over which they presided in a different court.” Ronald D. Rotunda & John S. Dzienkowski, Legal \ ^Ethics—The Lawyer’s Deskbook on Professional Responsibility § 10.2-2.11(i) (2016) (emphasis added). More specifically, “[i]t has long been the rule that a judge who heard a ease on the trial level will not be part of the panel hearing an appeal from her own decision.” Id. Under this interpretation, the fact that Ferguson’s criminal charge and the dependency-neglect case stemmed from the same incident is not enough to render the two the same “matter” for purposes of Rule 2.11(A)(6)(d). The rule specifically requires recusal only when the judge previously presided over the matter in controversy; it simply does not contemplate situations wherein a judge previously presided over a different matter involving similar facts. Recusal may indeed be required in such circumstances, but not in the absence of bias or prejudice: Parties often seek to disqualify a judge based on the judge’s prior participation in a case involving the same party or the same facts. Absent some showing of hostility or actual bias, however, a judge is not required to disqualify himself merely because of earlier judicial contacts with the party. This principle is really no different from the situation where the judge knows of damaging evidence that he later excludes at trial. The law presumes that judge, even in a bench trial, will be able to screen out the excluded evidence. Id. While this court has not had an opportunity to interpret Rule 2.11(A)(6)(d), we have held that recusal is not required of a judge presiding over a Rule 37 proceeding merely because he or she presided over the defendant’s trial, even when the judge’s trial rulings are at issue in the Rule 37 proceeding. See, e.g., Bryant v. State, 323 Ark. 130, 913 S.W.2d 257 (1996) (per curiam). Presumably, this court considers a criminal trial and a subsequent Rule 37 proceeding to be two different matters. If that is the case, a criminal trial and a separate 114dependency-neglect case stemming from similar facts would certainly be considered two different matters. Accordingly, Judge Elmore’s recusal was not required under Rule 2.11(A)(6)(d). Second, Judge Elmore did not exhibit a “personal bias or prejudice” against Ferguson. See Ark. Code Jud. Conduct R. 2.11(A)(1). In support of her argument, Ferguson relies on cases holding that recu-sal is required when a trial judge makes comments reflecting a prejudged disposition of the case before the court—in other words, when the judge “seemed to be announcing the outcome of the case before it was tried.” Patterson v. R.T., 301 Ark. 400, 406, 784 S.W.2d 777, 781 (1990); see also Riverside Marine Remanufacturers, Inc. v. Booth, 93 Ark. App. 48, 216 S.W.3d 611 (2005). But Judge Elmore’s remarks at the conclusion of the adjudication hearing referred to the outcome of the dependency-neglect case, after it had been tried. Her comments were not made at Ferguson’s criminal trial; the jury in the criminal case did not hear her comments and had nd way of knowing hér thoughts. This court has stated that when a judge’s communications are the basis for an allegation of bias, it is necessary to view the communications that the judge makes to, or in front of, the jury. See Irvin v. State, 345 Ark. 541, 49 S.W.3d 635 (2001). “Statements made before the jury is impaneled and in no way communicated to the jury cannot constitute bias or prejudice.” Id. at 550, 49 S.W.3d at 641. Aside from Judge Elmore’scomments at the adjudication hearing, the only other evidence of bias that Ferguson points to is Judge Elmore’s adverse rulings on motions and objections. I acknowledge-that Judge Elmore was not excused from the requirement of the | ^appearance of impartiality simply because she was not the fact-finder in Ferguson’s criminal trial. See Riverside, 93 Ark. App. at 52, 216 S.W.3d at 614 (explaining that, where the trial judge sits as finder of fact, the appearance of fairness is “even more important”). But “[t]he mere fact of adverse rulings is not enough to demonstrate bias.” Irvin, 345 Ark. at 550, 49 S.W.3d at 641. Additionally, while Judge Elmore made credibility findings at the adjudication hearing in the dependency-neglect case, she did not make credibility findings in the criminal case. It was the jury’s responsibility to make those findings in the criminal case, and the jury would have had no way of knowing what Judge Elmore’s prior credibility findings were. Third, Judge Elmore had no “personal knowledge of facts that [were] in dispute in the proceeding” as a result of having presided over the adjudication hearing in the dependency-neglect ease. See Ark. Code Jud. Conduct R. 2.11(A)(1). As the majority concedes, “the personal knowledge of a judge gleaned from previous judicial proceedings does not fall under this ‘personal knowledge’ category.” Sheridan v. State, 313 Ark. 23, 48, 852 S.W.2d 772, 785 (1993). Finally, I acknowledge .that Rule 2.11 sets forth a nonexhaustive list and that it requires recusal anytime a judge’s impartiality might reasonably., be questioned, even in situations not .listed in the rule. However, I cannot agree with the majority’s conclusion that Judge Elmore’s denial of Ferguson’s attempted jury-trial waiver equated to an acknowledgment that her impartiality had reasonably been questioned. As Judge Elmore explained, she refused to allow Ferguson to waive her right to a jury trial because Ferguson had asserted a belief that Judge Elmore would be biased against her. Judge Elmore did not endorse this belief or find [uiit to be reasonable; in fact, she denied the motion to recuse on the implied basis that it was not a reasonable belief. Pursuant to our case law, Judge Elmore is to be afforded discretion in that regard, and I cannot say that she abused her discretion in this instance. See Owens, 354 Ark. 644, 128 S.W.3d 445. For these reasons, Í dissent. GOODSON and WOOD, JJ„ join.